Elisa KATZ, Plaintiff,

v.

**MOUNT SINAI MEDICAL CENTER, District 1199, National Union of Hospital and Health Care Employees, RWDSU/AFL–CIO, Defendants.**

**No. 82 Civ. 1281–CLB.**

United States District Court, S. D. New York.

Sept. 8, 1982.

Robert L. Ferris, New York City, for plaintiff.

Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for defendant Union.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for defendant Mount Sinai.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By motions docketed on May 28, 1982 and June 1, 1982, fully submitted June 25, 1982, both defendants, Union and Employer, seek to dismiss plaintiff's complaint for damages and punitive damages brought under § 301(a) of the Labor Management Relations Act ("LMRA").

Plaintiff alleges that the Union breached its duty of fair representation by failing to represent plaintiff properly with respect to a number of grievances filed by plaintiff during the course of her employment, and in doing so also breached the collective bargaining agreement.

Plaintiff was first employed April 21, 1974 and her employment was severed October 21, 1980. The severance was not the subject of a grievance and is not alleged as a basis for this complaint. Between 1977 and 1979 plaintiff filed twelve grievances. One went to arbitration, and plaintiff prevailed. The Union carried all the rest at least to the highest level (step 3) of the internal dispute resolving process provided in the labor contract, but did not "appeal," or refer them to arbitration within the fifteen (15) day period required. Under the labor contract the last of the grievances was "deemed resolved" and became final on July 27, 1979. This action was not filed until March 3, 1982.

Against this factual background defendants assert that this action is time barred, and alternatively that the complaint does not state a claim.

 It seems clear that the claim against the Union is time barred under *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), which applies New York's 90 day statute of limitations. Plaintiff seeks to distinguish *United Parcel* because in that case there had actually been an arbitration decision, while here, because the claims were not brought to arbitration, the decisions at an earlier stage of internal dispute resolution procedure terminated the grievance. Thus it became "resolved" under the labor contract, just as finally as an arbitration would have resolved it.

This Court agrees with the defendants here, that it would indeed be anomalous and unreasonable so to construe *United Parcel* as to create two levels of dispute resolution under § 301 of the LMRA within the same work place for what could well be an identical grievance—a short 90 day statute of limitations where an arbitration was actually had, and a delayed six-year period where processing of the grievance by the union stopped just short of an actual arbitration.

Surely the Supreme Court could have intended no such absurd result. Such a system would militate against the very policies which that Court thought were advanced by *United Parcel,* namely industrial self-government comprising relatively rapid dispute resolution and the ability to rely on the "law of the shop" as to the interpretation of critical terms affecting the entire relationship between employer and employee, which ought not to be "suddenly called into question as much as six years later" (*United Parcel, supra,* at 64, 101 S.Ct. at 1564).

Accordingly, I conclude the claim here is time barred.

 As to the defendant employer, mere unsupported allegations of "conspiracy" with the Union are insufficient to state a claim, although leave to replead would be granted. Since the case is time barred, no purpose would be served by repleading.

The motions are granted, and the Clerk shall enter a final judgment that all relief shall be denied.

So Ordered.