**LOCAL 1025, UNITED PAPERWORK-ERS INTERNATIONAL UNION and Lewis James Folk, Plaintiffs,**

v.

**MENASHA CORPORATION, a foreign corporation, Defendant.**

**No. K83–518 CA.**

United States District Court
W.D. Michigan, S.D.

March 26, 1984.

242

Thomas D. Carey, Carey, Durham & Risdon, Kalamazoo, Mich., for plaintiffs.

Richard A. Hooker and Robert G. Brody, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This matter arose out of the discharge of plaintiff Lewis Folk by the defendant on February 2, 1982. A grievance was filed and an arbitration hearing was held. On November 29, 1982, the arbitrator issued an award which ordered that Folk be "reinstated with full seniority and related rights and benefits and with back pay except for a disciplinary layoff of thirty (30) working days less any sums of money earned elsewhere during the period, excluding unemployment compensation."

Pursuant to this award, the defendant paid Folk $16,796.89 on January 13, 1983. There apparently was some disagreement as to whether Folk was entitled to an additional sum to reflect wages for overtime worked by other members of Folk's department during the pendency of his grievance.

On September 28, 1983, Folk and the union of which he was a member filed the instant action, essentially asking the Court to construe the arbitration award as requiring the payment of the overtime pay, approximately $12,000.00. The suit was brought pursuant to § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185. Now before the Court is defendant's motion for summary judgment.

Defendant seeks summary judgment on two grounds. First, that the plaintiffs' claim is time-barred by the six-month limitations period set out in § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). *See Del Costello v. International Bhd of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982). Second, that Folk's acceptance of the $16,796.89 on January 13, 1983 constituted an accord and satisfaction and bars further recovery. Because of the Court's decision on the statute of limitations question, it will not be necessary to reach the second issue.

In *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966), the Supreme Court held that the timeliness of an action brought under § 301 of the LMRA "is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." The Court stated that that action, alleging a breach of the collective bargaining agreement, closely resembled a breach of contract action and that the six-year Indiana statute of limitations for actions based on contracts not in writing was appropriate. 383 U.S. at 708, 86 S.Ct. at 1114. The Court, however, stated: "Whether other § 301 suits different from the present one might call for the application of other rules on timeliness, we are not required to decide, and we indicate no view whatsoever on that question." 383 U.S. at 705 n. 7, 86 S.Ct. at 1113 n. 7.

One such "different" § 301 suit was presented to the Court in *DelCostello v. International Bhd of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). That suit involved a "hybrid" action brought by an employee against his union—alleging a breach of its duty of fair representation—and against his employer—alleging a breach of the collective bargaining agreement. The Court held that, in such a situation, there is no close analogy in state law and decided that the appro-

priate statute of limitations to apply is the six-month limitations period set out in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).

The Court adopted this limitations period in part because it is "attuned to ... the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system." —— U.S. at ——, 103 S.Ct. at 2294, *quoting United Parcel Service v. Mitchell*, 451 U.S. 56, 70, 101 S.Ct. 1559, 1567, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring). The Court cautioned, however, that it was not departing from the general rule of *Hoosier Cardinal* —to borrow the most appropriate state statute of limitations—but stated:

> Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

—— U.S. at ——, 103 S.Ct. at 2294.

The Supreme Court's decision in *DelCostello* was foreshadowed by the Sixth Circuit's decision in *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir.1982). There, also relying on Justice Stewart's concurring opinion in *Mitchell*, the Sixth Circuit held that the six-month limitations period of § 10(b) should be used to determine the timeliness of hybrid § 301/duty of fair representation suits arising in Michigan. 679 F.2d at 99. This decision was reached because, although *Mitchell* had determined that in a suit of this nature the most appropriate state statute of limitations was that governing the vacation of arbitration awards, the appropriate Michigan law expressly excluded labor arbitration arising out of collective bargaining agreements. *See* M.C.L.A. § 600.5001(3). The Sixth Circuit also expressly rejected the application

of M.C.L.A. § 600.5813, Michigan's residual six-year personal action statute of limitations. 679 F.2d at 98–99.

The plaintiffs attempt to distinguish the instant case from *DelCostello* and *Badon* by virtue of its not being a hybrid action, but a § 301 action to enforce the arbitrator's award. In support of their argument that a limitations period other than that provided by § 10(b) should be applied here, the plaintiffs cite *Electrical Workers v. Ingram Mfg. Co.*, 715 F.2d 886 (5th Cir. 1983), where the Fifth Circuit held that, in a union's § 301 suit against an employer to enforce an arbitration award, the appropriate statute of limitations was Texas' four-year "catch-all" limitations period. 715 F.2d at 888–90. Plaintiffs' reliance on *Ingram* is misplaced, however. Although this Court believes that the *Ingram* analysis is sound, the reasoning leads to a different result in the instant case.

The Fifth Circuit's analysis in *Ingram* is persuasive because of several parallels to the instant action. First, the suit was not a hybrid but a "straight-forward" § 301 action to enforce an arbitration award. 715 F.2d at 887. Second, the seemingly appropriate state statute of limitations was inapplicable because, like Michigan's arbitration statute, the Texas General Arbitration Act expressly excludes arbitration arising out of collective bargaining agreements. 715 F.2d at 889. Third, there existed controlling precedent regarding the determination of the most appropriate limitations period. *Id.*

As controlling precedent, *Ingram* relied on *Edwards v. Sea-Land Service, Inc.*, 678 F.2d 1276 (5th Cir.1982). There the Fifth Circuit applied *Mitchell* and determined that the most appropriate Texas limitations periods, once the General Arbitration Act was held to be inappropriate, were the four-year catch-all period insofar as the employee's claim against the employer was concerned, 678 F.2d at 1290, and the two-year tort limitations period insofar as the

claim against the union was concerned, 678 F.2d at 1292.[1]

Rather than rely on a Fifth Circuit case —i.e., *Sea-Land*—to determine the appropriate limitations period here, the Court shall look to the Sixth Circuit's counterpart to *Sea-Land*—i.e., *Badon*. As the Fifth Circuit did in *Sea-Land*, the Sixth Circuit in *Badon* applied the *Mitchell* reasoning. However, as mentioned above, *Badon* expressly adopted Justice Stewart's reasoning, subsequently adopted in *DelCostello*, that the policies which support the quick resolution of labor disputes also support the application in hybrid actions of the six-month limitations period set out in § 10(b). 679 F.2d at 99. As also noted above, the Sixth Circuit rejected the application of Michigan's six-year residual limitations period. *Id.* Also, and in contrast to *Sea-Land*, the Sixth Circuit held, as did the Supreme Court in *DelCostello*, that the same limitations period should apply to the claim against the union as the claim against the employer. 679 F.2d at 98.

Based on the above distinctions between *Badon* and *Sea-Land*, the application of the analysis used by the Fifth Circuit in *Ingram* leads this Court to conclude that, in all § 301 actions which arise out of arbitration awards and which arise in Michigan, the appropriate limitations period is the six-month period set out in § 10(b) of the NLRA. Besides supporting the above-mentioned federal labor policies, see *DelCostello*, — U.S. at —, 103 S.Ct. at 2292, this will avoid the anomalous result of having the same claim be governed by different limitations periods depending on whether the union or the employee brings the action.

It still remains to be determined, however, whether this action is time-barred even under the six-month limitations period. As noted above, plaintiff Folk accepted the payment of $16,796.89 on January 13, 1983. The instant case was not filed until September 28, 1983, or more than eight months later, and clearly is time-barred. For this reason, the defendant's motion for summary judgment is granted and the case is dismissed.

---

**1.** The application of different limitation periods to the union and the employer in hybrid actions has, of course, been overruled, at least implicit-ly, by *DelCostello*. — U.S. at —, 103 S.Ct. at 2287–94.