**HILTON INTERNATIONAL CO., d.b.a. Caribe Hilton Hotel, Plaintiff,**

v.

**UNION DE TRABAJADORES DE LA INDUSTRIA GASTRONOMICA DE PUERTO RICO, LOCAL 610, et al., Defendant.**

Civ. No. 84–3116 HL.

United States District Court, D. Puerto Rico.

Jan. 29, 1987.

Lespier, Muñoz Noya & Ramirez, San Juan, P.R., for plaintiff.

Francisco Aponte Pérez, Santurce, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff Hilton International Co., d.b.a. Caribe Hilton Hotel ("Caribe Hilton"), brings the present action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. sect. 185 (hereinafter "LMRA"), to set aside and vacate an adverse arbitration award. The award, issued on May 31, 1983 pursuant to an arbitration held under the parties' Collective Bargaining Agreement ("Agreement"), ordered the plaintiff to alter its method of scheduling and paying union employees' holidays and days off. Plaintiff alleges that such a mandate exceeds the arbitrator's authority and is therefore unenforceable.

Defendant Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, Local 610 ("the Union"), contends the award is proper in scope because it derives from the essence of the Collective Bargaining Agreement. The Union also asserts that plaintiff's claim is time-barred, arguing that a six-month statute of limitations applies to an action seeking vacation of an arbitration award. Accordingly, defendant moves for summary judgment and/or dismissal of this action, with concurrent enforcement of the award.

After careful consideration of the pleadings in this case, particularly defendant's moving papers and plaintiff's response in opposition, we conclude that plaintiff's claim is indeed time-barred. We therefore hold that plaintiff's action to review and set aside the arbitration award shall be dismissed. We also order the Caribe Hilton to comply with the terms of the arbitration award.

## I. FACTUAL BACKGROUND

.On July 6, 1982, plaintiff Caribe Hilton Hotel and defendant Unión Local 610 executed a Collective Bargaining Agreement to govern all terms and conditions of employment between the parties through June 9, 1985. Article XV of the Agreement contains a grievance and arbitration procedure clause, whereby all disputes arising under the contract are to be resolved by binding arbitration proceedings. The Agreement also imposes certain substantive limitations on the authority of the arbitrator, including a proviso that "no award of the arbitrator may vary or alter the provisions of this contract." (Article XV, Section 7.)

Subsequent to the execution of the contract in 1982, the parties reached an impasse concerning the holiday scheduling and overtime payment of union employees by the Caribe Hilton. The hotel was assigning employees an additional day off on weeks containing holidays, for the sole purpose of avoiding overtime payment. Because the union contract provided that holidays were paid at a "doubletime" rate, each employee received sixteen hours of pay for an eight-hour holiday shift. This would result in a forty-eight hour work-week, eight hours of which had to be paid at an overtime rate. To compensate for the automatic augmentation of hours provided by a holiday, the hotel scheduled each employee an additional day off, thereby keeping the hours down to a forty hour work-week, and avoiding all payment of overtime wages. The Hotel contended that this practice was within the scope of the Collective Bargaining Agreement. The Union, however, maintained that the contract entitled its employees to forty-eight hours' pay in weeks containing a holiday.

As provided by the terms of the Collective Bargaining Agreement, the parties submitted their dispute to the Arbitration and Conciliation Bureau of the Commonwealth's Department of Labor for resolution. On May 31, 1983, arbitrator Fernando Hernández Benítez issued a decision in favor of the Union. The award held that the Caribe Hilton's practice of exchanging holidays and days off did indeed violate the terms of the Agreement. The arbitrator, therefore, ordered the Caribe Hilton Hotel to cease and desist from such practices.

Plaintiff contends that the arbitrator exceeded his permissible authority by amending the Collective Bargaining Agreement to include a new restriction which "limit[s] management rights to control and direct the business of the hotel." In so doing, plaintiff argues, the arbitrator bestowed an additional benefit which was not bargained for in the parties' contract upon the union employees; e.g., a guaranteed work-week.

Plaintiff filed an initial action with this court, civil case number 83–2124, on September 2, 1983, requesting vacatur of the arbitration award. However, the claim was dismissed without prejudice on August 24, 1984, by Judge Gierbolini, for lack of prosecution. Plaintiff then filed the present action on December 12, 1984, again seeking that the arbitration award be set aside and vacated.

The defendant Union now moves for summary judgment and/or dismissal of this action, and enforcement of the arbitrator's final determination. The Union alleges that the arbitration award draws its essence from the Collective Bargaining Agreement, and therefore, this court has no authority to review the merits of the dispute. Defendant also asserts that plaintiff's action is time-barred, in that a suit to vacate an arbitration award must be filed within six months of the issuance of the award under the strictures of *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

We turn first to the applicable statute of limitations, since that question, if adjudicated in defendant's favor, would render the remaining issues moot.

## II. THERE IS NO STATUTORY LIMITATIONS PERIOD FOR VACATION OF AN ARBITRATION AWARD IN A LABOR–MANAGEMENT DISPUTE.

The field of labor arbitration is one that belongs uniquely to the federal courts. They, more than the legislature, are charged with shaping a uniform and appropriate body of governing law under Section 301(a) of the L.M.R.A., 29 U.S.C. sect. 185.

*Textile Workers Union of America v. Lincoln Mills of Alabama*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Thus, where the legislature has failed to promulgate a specific procedural or substantive rule, it is up to the federal tribunals to undertake "the interstitial fashioning of remedial details." *Holmberg v. Armbrecht*, 327 U.S. 392, 394, 66 S.Ct. 582, 583, 90 L.Ed. 743 (1946).

The federal courts have generally followed the shibboleth of judicial construct that where the legislature has failed to articulate a federal statute of limitations expressly applicable to a federal cause of action, Congress intended the courts to apply the most closely analogous statute of limitations under state law. *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). However, this is not to say that the court must mechanically graft a state statute of limitations period onto a Section 301 action in every instance:

> [T]he Court has not mechanically applied a state statute of limitations simply because a limitations period is absent from the federal statute. State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies.

*Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977).

In other words, the federal courts must look to the nature of the cause of action to determine whether it is an integral part of a federal scheme, or more closely related to a state claim. Only in the latter case is it proper to appropriate a state-designated period. Where the issue parallels a federal action, or derives from a federal framework, the courts should rely more properly upon related federal statutes. *Board of County Commissioners v. United States*, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939).

The case before us presents just such a need for the rulemaking process of federal tribunals, as applied in the labor arbitration context. There is no federal statute concerning the timeliness of an action to vacate an arbitration award deriving from a Collective Bargaining Agreement. Moreover, the First Circuit has never had occasion to address this issue. We must therefore look to analogous actions in a labor arbitration setting and related federal statutes, in order to determine the most practicable limitations period.

Thus, we are presented with three possible statute of limitations periods for consideration. First, we have the option of invoking the timeliness rule of the most closely analogous cause of action in the Commonwealth legislation: Puerto Rico's thirty day period for the confirmation of arbitration awards.[1] In the alternative, we may adopt the three month statutory limit provided by the Federal Arbitration Act, 9 U.S.C. sect. 12.[2] Finally, and perhaps most cogently, we may look to the six month period set forth in the Labor-Management Relations Act, 29 U.S.C. sect. 160(b), which governs the period within which a complaint of unfair labor practice may be filed.[3]

We begin with an examination of the most recent pronouncement by the Supreme Court on this issue: *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Supreme Court in *Del Costello* held that a union employee's "hybrid" claim, e.g., a dual action against his employer for wrongful termination and his union for breach of duty of fair representation, was subject to the six month statute of limitations contained in Section 10(b).

In so holding, the Supreme Court rejected both the three year statute of limitations available under state law for malpractice actions, and the ninety day period allowed for vacation of arbitration awards, in favor of the LMRA's six month provision. The Court articulated three primary policy concerns that shaped its decision, which serve as guidelines for our present analysis.

First, the Court in *Del Costello* emphasized the "need for uniformity" as a compelling reason to curb the unfettered borrowing of diverse state statutes of limitations. 462 U.S. at page 167, 103 S.Ct. at page 2292. The Court cautioned against the "radical variation in the treatment of cases that are not significantly different," which would result from the continued adoption of state-set time limits in a federal regulatory scheme. 462 U.S. at pages 167, 168, n. 16, 103 S.Ct. at page 2292, n. 16.

As a second consideration, the Court cited the exceptional brevity of most state limitations periods. It concluded that the terms engendered by state law were too short and too varied to provide an effective source of "interstitial law-making." 462 U.S. at 165, 166, 103 S.Ct. at 2291. The Court therefore rejected the contention that it assimilate New York's 90–day limitations period as the chronological benchmark for vacation of arbitration awards, and instead chose a time frame more closely aligned with the federal scheme of the LMRA.

A terciary factor was the precept that federal labor law favors "the relatively rapid final resolution of labor disputes." *Id.* at 2292–93. This discourages the court's adoption of long limitations periods which would allow grievance and arbitration deci-

---

**1.** *Unión de la Industria Licorera de Ponce v. Destilería Serrallés, Inc.*, 85 J.T.S. 34.

**2.** "Notice of motions to vacate or modify
Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. sect. 12.

**3.** "Whenever it is charged that any person has engaged in or is engaging in any such unfair

labor practice, the Board ... shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board ... *Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board." 29 U.S.C. sect. 160(b).

sions to be challenged after a substantial period had elapsed since their issue. Reasoning that one and three year statutes of limitations fell within this overinclusive category, the Court concluded that the six-month period embodied in section 10(b) would best achieve "the proper balance between the national interest in stable bargaining relationships and finality of private settlement, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system." *Del Costello*, 462 U.S. at 171, 103 S.Ct. at 2294, quoting Justice Stewart's concurring opinion in *United Parcel Service v. Mitchell*, 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981).

With these important elements in mind, we turn first to a review of the applicable Commonwealth law, in the same manner that a federal court sitting in another jurisdiction would review pertinent state law.

## III. THE COMMONWEALTH COURTS HAVE ENACTED A THIRTY DAY LIMITATIONS PERIOD.

Puerto Rico has no statutory limitations period governing the vacation of arbitration awards in labor-management disputes. 32 L.P.R.A. section 3224 provides that notice of a motion to reverse, affirm or modify an award shall be served upon opposing counsel within ninety days of the date of the issuance, but that rule applies only to commercial arbitration. *Seafarers International Union v. Superior Court*, 86 P.R.R. 762 (1962). However, the Supreme Court of Puerto Rico has recently held that an action to vacate a labor arbitration award must be filed within thirty days of the award, unless the collective bargaining agreement establishes a different time period. *Union De La Industria Licorera De*

*Ponce v. Destileria Serralles, Inc.*, 85 J.T.S. 34 (1985).

The Puerto Rico Court chose a thirty day period in *Destileria Serralles* in order to maintain uniformity and consistency in procedural law of the Commonwealth. Reasoning that an arbitration award "is similar in nature to a judgment or judicial decree," 85 JTS at 3949,[4] the Supreme Court adopted the thirty day period provided by statute for appeal from a Superior Court judgment, as the term governing appeals from arbitration awards. The Court's purpose in applying this thirty day period to appeals from arbitration awards was to establish a uniform rule for appeals from all adjudications in the first instance.[5]

While we concur in the Commonwealth Court's pursuit of uniformity in time limitation for appellate review, we do not find the thirty day period to be an acceptable limit in the case before us. It is far too short a deadline to permit an aggrieved party to vindicate his or her rights. We believe that the Commonwealth's thirty day term is precisely the sort of accelerated deadline rejected by the U.S. Supreme Court in its assessment of the feasibility of adopting state statutes of limitations. In *Del Costello, supra,* the Supreme Court noted that because "state arbitration statutes typically provide very short times in which to sue for vacation of arbitration awards," they "fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights." 462 U.S. at page 166, 103 S.Ct. at page 2291. Given the Court's rejection of New York's ninety-day statutory limit as too short a time limitation, Puerto Rico's thirty day term is *a fortiori* unacceptable.

Moreover, we find that a thirty day deadline would conflict with the overall labor arbitration scheme. Most statute of limita-

---

**4.** Our translation.

**5.** The Puerto Rico Supreme Court has long advanced a policy of promoting the development of a cohesive body of civil law, with uniform deadlines and statute of limitations period. This is in part due to the particular reliance of a civil law jurisdiction on the procedures and

framework embodied in its statutes and codes. *Cf. Andino v. Fajardo Sugar Co.*, 82 D.P.R. 85 (1961); *Matos Velázquez v. Proctor Manufacturing Corp.*, 91 D.P.R. 45 (1964), two cases in which the Commonwealth court discusses its primary goal of establishing homogenity and consistency in civil procedural matters.

tions periods in the federal arbitration arena are decidedly longer than thirty days: one year to seek confirmation of an arbitration award, 9 U.S.C. sect. 9; three months to vacate, modify or correct an award, 9 U.S.C. sect. 12; six months to file a charge of unfair labor practice before the NLRB, sect. 10(b), as amended, 29 U.S.C. sect. 160(b). To permit the anomaly of a thirty day statute of limitations to govern vacation of labor arbitration awards would destroy the unity of the federal framework, invite error by a constituency accustomed to lengthier limitations periods, and contravene this Court's asserted purpose of creating a fair and practicable scheme of uniform rules of federal arbitration. We therefore decline to adopt the thirty day term advanced by the Commonwealth courts.[6]

## IV. THE FEDERAL ARBITRATION ACT POSITS A NINETY DAY DEADLINE

■ The three month period embodied in the Federal Arbitration Act, 9 U.S.C. sect. 12 ("FAA") is a second possible deadline that we may adopt. Although the FAA is part of a federal legislative scheme, it is not binding upon the courts in labor disputes arising under Section 301. *Derwin v. General Dynamics Corp.*, 719 F.2d 484 (1st Cir.1983). We are therefore at liberty to adopt or reject this rule, depending on its suitability to the policies and principles of the present action.

Section 12 provides a ninety day deadline within which to vacate an arbitration award in a commercial setting. It has been adopted as the limitations period governing labor-management arbitration awards in some states, but those are primarily jurisdictions which have incorporated all or part of the FAA into their legislative scheme.

*Wilks v. American Bakeries Co.*, 563 F.Supp. 560 (W.D.N.C.1983); *Scoggins v. Boeing Co., Inc.*, 742 F.2d 1225 (9th Cir. 1984); *Katz v. Mt. Sinai Medical Center*, 545 F.Supp. 1390 (D.C.N.Y.1982). Other circuits have rejected such absolute adherence to a federal scheme designed to regulate interstate commerce, preferring instead to devise their own legislative structure in the labor-management field. *Intern. Union of Elec., Radio & Machine Workers v. Ingram Mfg.*, 715 F.2d 886 (5th Cir.1983); *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984); *Derwin v. General Dynamics Corp.*, 719 F.2d 484 (1st Cir.1983). We find this to be the better position.

In *Del Costello* the Court found that New York's ninety day statute of limitations applicable to vacation of arbitration awards was an "unsatisfactory vehicle for the enforcement of federal law." 462 U.S. at page 161, 103 S.Ct. at page 2289. Again, because the temporality of the state statute was too brief, the Court eschewed its adoption in favor of a more practical federal rule. Clearly, the ninety day limit of the FAA suffers from the same flaws. So short a deadline deprives the parties of all effective means of protecting their own interests, particularly in light of the almost absolute finality accorded to labor arbitration awards. We therefore reject the suggested ninety day statutory term, for the same reason that the Supreme Court declined to apply an identical period in *Del Costello*.

## V. THE SIX MONTH STATUTE OF LIMITATIONS EMBODIED IN THE NLRA IS THE MOST APPROPRIATE DEADLINE

This leads us to consider the viability of the six month statutory period set forth in

---

**6.** In a recent opinion issued by this Court, *Posadas de Puerto Rico Associates, Inc., d.b.a. Condado Plaza Hotel and Casino, v. Asociación de Empleados de Casino de Puerto Rico*, 648 F.Supp. 879, we held that an action to vacate an arbitration award was indeed subject to Puerto Rico's thirty day limitations period. Nonetheless, because of the policy considerations articulated above, we decline to follow this position, and instead look to analogous federal law for guidance. "Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975).

Section 10(b) of the LMRA, 29 U.S.C. sect. 160(b). Although Section 10(b) by its terms governs only complaints of unfair labor practice made to the National Labor Relations Board, it has often been applied to labor disputes in other contexts. As indicated, the seminal case concerning the adoption of the N.L.R.A.'s six month period is *Del Costello, supra.*

The Supreme Court in *Del Costello* concluded that Section 10(b) was "a federal statute of limitations actually designed to accomodate a balance of interests very similar to that at stake ... in fact, an analogy to the present law suit more apt than any of the suggested state-law parallels." 462 U.S. at page 169, 103 S.Ct. at page 2293. The Court concluded that such a time limit better served its goal of constructing a cohesive body of federal law. The same need for a uniform and consistent body of labor arbitration law is present here. As previously discussed, a six month deadline is more closely aligned with the policies underlying federal arbitration standards, especially as compared to the one and three month periods that are our other options.

We note that a similar conclusion as to the applicability of Section 10(b) has been reached by an overwhelming number of courts under identical or related circumstances. *Welyczko v. U.S. Air, Inc.*, 733 F.2d 239 (2nd Cir.1984), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Creamer v. General Teamsters Local Union 326*, 579 F.Supp. 1284 (D.C.Del. 1984); *Krecun v. Bakery, Cracker, Pie, Yeast Drivers and Misc. Workers Union, Local 734*, 586 F.Supp. 545 (D.C.Ill.1984); *Local 1025, United Paperworks Intern. Union v. Menasha Corp.*, 582 F.Supp. 241 (D.C.Mich.1984); *Vecchione v. United Telephone Co.*, 584 F.Supp. 1161 (D.C.Ohio 1984); *Delisi v. United Parcel Services, Inc.*, 580 F.Supp. 1572 (D.C.Pa.1984); *Weed v. East Texas Motor Freight Lines, Inc.*, 592 F.Supp. 713 (D.C.Tex.1983).

They, like this Court, have heeded the Supreme Court's warning that "[t]he considerations that urge adjudication by the same law in all courts within a State when enforcing a right created by that State are hardly relevant for determining the rules which bar enforcement of ... [a] right created not by State legislature but by Congress." *Holmberg v. Armbrecht*, 327 U.S. 392, 394-5, 66 S.Ct. 582, 583-4. For these reasons, we favor adoption of the six month statute of limitations period embodied in Section 10(b) of the LMRA, as amended, 29 U.S.C. sect. 160.

## VI. THE U.S. SUPREME COURT HAS NEVER ORDERED UNILATERAL ADOPTION OF STATE LAW BY FEDERAL TRIBUNALS IN SECTION 301 ACTIONS

One final point need be addressed. Two U.S. Supreme Court cases, *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) and *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), are often cited for the proposition that in Section 301 actions such as the case at bar, the federal tribunal is bound to apply statute of limitations periods derived from state law. This is an erroneous contention. Both cases have been discussed at length by the Supreme Court itself, which has refuted the argument that they require compulsory application of state law in Section 301 litigation.

In *Mitchell, supra,* the Supreme Court held that New York's ninety-day statute of limitations governing actions to vacate arbitration awards barred an employee's wrongful termination claim, since the action, if successful, would have the net effect of setting aside the award. However, as the Court itself noted in *Del Costello, supra,* the Justices in *Mitchell* "expressly limited [their] consideration to a choice between two *state* statutes of limitation; [they] did not address the contention that [the Court] should instead borrow a *federal* statute of limitations, namely, sect. 10(b) of the Labor Management Relations Act, 29 U.S.C. sect. 160(b)." (Emphasis in original), 462 U.S. 154. The Court further added in a footnote that "[t]he petition for certiorari in *Mitchell* presented only the

question of which *state* statute of limitations should apply. The parties did not contend in this Court or below that a federal limitations period should be used instead of analogous state law." 462 U.S. at page 154, n. 2, 103 S.Ct. at page 2285, n. 2. Clearly, the Court's adoption of the state statute was premised upon the very narrow scope of its review.

A similar edict was rendered by the Court with respect to *United Auto Workers v. Hoosier Cardinal Corp., supra.* In *Hoosier,* the Court held that Indiana's six year limitations period for actions on oral contracts governed a breach of contract against an employer for violating the terms of a Collective Bargaining Agreement. The Court placed great import on the fact that the cause of action was so closely analogous to an ordinary breach-of-contract case, and emphasized that other causes of action under Section 301 were not necessarily subject to the same rule:

> The present suit is essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement. Such an action closely resembles an action for breach of contract cognizable at common law. Whether other sect. 301 suits different from the present one might call for the application of other rules on timeliness, we are not required to decide, and we indicate no view whatsoever on that question. 383 U.S. at 705, n. 7, 86 S.Ct. at 1113, n. 7.

The *Hoosier* court also observed that the simple contract dispute before it did not implicate "those consensual processes that federal labor law is chiefly designed to promote—the formation of the [collective bargaining] agreement and the private settlement of disputes under it." 383 U.S. at page 702, 86 S.Ct. at page 1111. In addition, the question presented in *Hoosier* "did not involve any agreement to submit disputes to arbitration." *Del Costello, supra,* 462 U.S. at page 162, 103 S.Ct. at 2289. Unlike the present case, then, the homogenity and cohesiveness of the whole of federal labor law, or of the federal arbitra-

tion scheme, were not important considerations in the Court's decision. *Hoosier* merely presented a straightforward breach-of-contract action; it in no way implicated such extensive federal issues.

Because the case before us does indeed extend to such definitive enclaves of federal authority, we do not find *Mitchell* or *Hoosier* to be controlling precedent.

## VII. CONCLUSION

■ In summary, we find that the most practical and most closely analogous statute of limitations period applicable to the present action is the six month term set forth in Section 10(b) of the Labor-Management Relations Act, as amended, 29 U.S.C. sect. 160(b).

We further find that the original suit filed by plaintiff on September 2, 1983 and dismissed for want of prosecution on August 24, 1984 did not toll the six month limitation period. Whether the period of limitation to file a claim pursuant to a federal right can be tolled depends on whether the tolling is consistent with the purpose behind the legislation creating the right. *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 558, 94 S.Ct. 756, 768, 38 L.Ed.2d 713 (1974); *Chardon v. Fumero Soto,* 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983).

A primary goal of the Labor Management Relations Act is to encourage the rapid adjudication of labor disputes. *See Hoosier Corp., supra,* 383 U.S. at 707, 86 S.Ct. at 1114. To allow tolling by a prior suit dismissed for want of prosecution would be in contravention of this federal labor policy. Such a court-made rule would authorize the filing of a sect. 301 claim for tolling purposes only, placing a premium on lack of diligence and delay, a notion abhorred in labor law. Plaintiff filed this claim on December 12, 1984, a year and a half after the arbitration award was issued. The claim is barred by the statute of limitations.

WHEREFORE, for the reasons discussed above, defendant Local 610's Motion to Dismiss is GRANTED. This Court here-

by AFFIRMS the arbitration award, and orders plaintiff's complaint DISMISSED with prejudice. Plaintiff is further ordered to comply with the terms of the May 31, 1983 award as of the date of this Order.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.