**HILTON INTERNATIONAL CO., d/b/a Caribe Hilton Hotel, Plaintiff, Appellant,**

v.

**UNION DE TRABAJADORES DE LA INDUSTRIA GASTRONOMICA DE PUERTO RICO, etc., Defendant, Appellee.**

No. 87–1187.

United States Court of Appeals, First Circuit.

Submitted Sept. 18, 1987.

Decided Nov. 20, 1987.

Agustin Collazo Mojica and Lespier, Munoz Noya & Ramirez, San Juan, P.R., on brief, for plaintiff, appellant.

Francisco Aponte Perez, San Juan, P.R., on brief, for defendant, appellee.

Before COFFIN and BAILEY ALDRICH, Circuit Judges, and LAGUEUX,* District Judge.

BAILEY ALDRICH, Senior Circuit Judge.

Dissatisfied with a labor arbitrator's award, plaintiff Hilton International Company brought this action to vacate against defendant Union pursuant to Section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185). The award was issued on May 31, 1983, and suit was filed on September 2, 1983. On August 24, 1984, the court dismissed the action, "without prejudice," as a sanction for plaintiff's failure to comply with a discovery order. On plaintiff's motion for reconsideration on the ground of harshness, on September 20, 1984 the court reaffirmed, adding,

> The sanction of dismissal without prejudice in light of the circumstances of this case is considered proper without being too harsh on the party itself.

On December 12, 1984 plaintiff brought the present action, only to be met by a plea of the statute of limitations. This plea was sustained, the court—a new judge—adopting a six month statute, and rejecting plaintiff's claim that it had been tolled by the prior suit, 652 F.Supp. 1259. Plaintiff appeals. We affirm.

Since the parties accept it, and the result would be the same, we do not review the court's ruling that the appropriate period of limitations was six months.[1] *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed. 2d 476 (1983). Plaintiff would have it that, as the original action was timely, it gave

---

* Of the District of Rhode Island, sitting by designation.

1. We do note that some courts have selected a shorter period. *Plumbers' Pension Fund v. Domas Mechanical Contractors, Inc.,* 778 F.2d 1266 (7th Cir.1985) (holding *DelCostello* inapplicable to an employer's action to vacate an arbitration award); *American Postal Workers Union, AFL–CIO v. United States Postal Service,* 823 F.2d 466 (11th Cir.1987). And *see Derwin v. General Dynamics Corp.,* 719 F.2d 484, 487–90 (1st Cir. 1983).

the Union due notice of its intentions, and thereafter the statute was forever tolled. The Union denies that the statute was tolled at all.

Plaintiff's view is patently absurd. However, defendant, and the district court, fail to address the fact that the dismissal was without prejudice, and the court's remark about not being too harsh on the party itself. Conceivably this last was ambiguous—we do not have the record of the earlier proceedings—but we may read it as intending a reprimand and inconvenience, only, and not, as the present district court ruled, the immediate end of the case. And, in fact, the nature of the apparent offense might not seem to necessitate such drastic treatment.

The weight of authority, however, is that dismissal by the court for punitive or other reasons, even though labelled "without prejudice," is, in fact, with prejudice if the statute of limitations has run. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir.1987); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982). *But see Dupree v. Jefferson*, 666 F.2d 606, at 610, (D.C.Cir.1981) noting the possibility that the point may be open, and *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir.1985) (assuming this the rule, without deciding). This is clearly the rule if the dismissal is voluntary. *Willard v. Wood*, 164 U.S. 502, 17 S.Ct. 176, 41 L.Ed. 531 (1896); *Wilson, ante; Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir.1962); indeed, any other result there would be most unfair. Consistency of legal meaning, and hence effect, of an order seems far more important than its particular source.

On this basis the court's vocalizing an intention to the contrary must suffer the common fate of parol evidence, *e.g. Baum v. Great Western Cities, Inc. of New Mexico*, 703 F.2d 1197 (10th Cir.1983), and plaintiff's remedy was to go back for a revision, or, at least, appeal. *Cf. Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir.1972) (court of appeals set aside "without prejudice" dismissal because statute of limitation had, in effect, made it "with preju-

dice.") It was too late for plaintiff to complain in a new action.

We would add that if plaintiff had chosen to interpret "without prejudice" as meaning that the action tolled, in the sense of interrupted, the running of the statute, at best it had left whatever of the six months had not passed before the original action was brought to institute a new one. This calculates to 88 days. The date of the order was August 24, 1984; suit was not brought until December 12, 111 days. For plaintiff to have refiled promptly would have cost nothing. To say that it could keep extending the time by motions for reconsideration would lose sight of the statute's substantive purpose.

*Affirmed.*