**UNION INDEPENDIENTE DE ABOGADOS DE LA SOCIEDAD PARA ASISTENCIA LEGAL, and Cesar Rivera Pastrana, Plaintiffs,**

v.

**SOCIEDAD PARA ASISTENCIA LEGAL DE PUERTO RICO, INC., Defendant.**

**Civ. No. 88–179 HL.**

United States District Court, D. Puerto Rico.

Jan. 31, 1989.

José E. Carreras Rovira, Hato Rey, P.R., for plaintiffs.

---

**4**

Goldman & Antonetti, Luis F. Antonetti, Santurce, P.R., for defendant.

### OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff, Unión Independiente de Abogados de la Sociedad para Asistencia Legal ("the Union"), is the collective bargaining representative of all attorneys at the local offices of Sociedad para Asistencia Legal de Puerto Rico ("the Employer"). Plaintiff César Rivera Pastrana ("Rivera") is an attorney in the bargaining unit who was discharged from his employment. The plaintiffs seek refuge under Section 301 of the Labor–Management Relations Act, 29 U.S. C. 185, and bring this action seeking, *inter alia,* a declaration that Rivera's discharge was without cause and in violation of the collective bargaining agreement. It is further alleged that the Employer refuses to arbitrate and that there is no available remedy under the collective bargaining agreement to arbitrate plaintiff Rivera's discharge.

Defendant moves for summary judgment on the grounds that the Union failed to comply with the grievance procedures and because the Court lacks jurisdiction. The lack of jurisdiction is predicated on the assertion that the six-month statute of limitations has elapsed.

We grant defendant's motion for summary judgment but on grounds other than the statute of limitations. We explicate.

It needs no elucidation that summary judgment under F.R.Civ.P. 56 is a proper method for disposing of actions when there are no substantial issues of fact and the movant is entitled to a judgment as a matter of law. *Stepanischen v. Merchant Despatch Transp. Corp.,* 722 F.2d 922 (1st Cir.1983). "[S]ummary judgment is a judicial device available only when the effluent stream of controversy has been purified by the exclusion of any issues of material fact

..." *Gen. Elec. Co. v. U.S. Dynamics, Inc.,* 403 F.2d 933, 934 (1st Cir.1968).

The undisputed facts in this "straightforward" Section 301 claim are as follows. On June 10, 1987 the Employer discharged plaintiff César Rivera because he had abandoned his job by going on vacation without prior authorization, while there was a dispute over his vacation schedule.[1] The Union filed a timely grievance with the Employer on June 16, 1987, requesting arbitration and a stay of the grievance proceeding pending the return of Rivera, who was vacationing in Europe. On June 23, 1987 the Employer's and the Union's representatives met, pursuant to the grievance procedure, to discuss Rivera's discharge, but were unable to reach agreement. (Exh. B and A of defendant's Informative Motion, Doc. No. 12.)

On July 29, 1987 the Employer notified the Union that it was not willing to stay the grievance proceedings under the labor contract; that the Union had failed to comply with the grievance procedures, and that the grievance concerning Rivera's discharge was time barred and deemed closed. The Union demanded that the grievance proceedings be further pursued and persuaded the Employer to proceed to arbitration.

By the time the parties agreed to arbitrate, however, all of the explicitly named arbitrators designated in the collective bargaining agreement had either disqualified themselves or resigned. (See Rubén Guzmán's affidavit dated June 1st, 1988 attached to plaintiffs' Opposition to Motion for Summary Judgment, Exh. 1, Doc. No. 16.) The Union therefore asserts, through Guzmán's affidavit, that because the arbitrators named in the labor contract were unavailable, "... there is no remedy under the collective bargaining agreement available to Mr. Rivera Pastrana to question his discharge. *No request for arbitration*

---

[1]. The Employer asserted that the grievance over the vacation schedule was time barred under the grievance procedure because it had posted the vacation schedule in January 1987 and it was not until May 18, 1987 that Rivera filed his grievance. See Exhibits C and A to defendant's

motion for summary judgment. We need not resolve this matter, as the complaint only addresses the grievance relative to Rivera's discharge on June 10, 1987 and does not refer to the grievance regarding the vacation schedule.

*was, nor is made since the procedure contained in the collective bargaining agreement is no longer available."* (Emphasis supplied.)

## DISCUSSION

In light of the above undisputed set of facts, the allegations of the complaint and the relevant provisions of the grievance procedures of the collective bargaining agreement, we must determine whether plaintiffs have failed to make a showing to establish the existence of an element essential to their cause of action under Section 301 of the Labor–Management Relations Act.

Plaintiffs' Section 301 cause of action is predicated on three theories. One, the Employer's refusal to arbitrate. Two, that Rivera Pastrana was discharged without cause in violation of the labor contract. And three, that there is no available remedy under the collective bargaining agreement.

■ We start with a basic tenet inherent in Section 301 jurisprudence. A union's cause of action to compel arbitration arises when the employer takes the unequivocal decision that it will not arbitrate. *Communication Workers of America, AFL–CIO v. Western Electric Company,* 860 F.2d 1137 (1st Cir.1988); *McCreedy v. Local Union No. 971, UAW,* 809 F.2d 1232 (6th Cir.1987); *Cf. Textile Workers v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

■ The sworn statement of the Union's president, Rubén Guzmán, shows that following the Employer's initial determination not to arbitrate, and at the Union's persistent request, the Employer *did* finally agree to arbitrate Rivera's discharge.[2] Guzmán's statement may appear contradictory when he asserts that "no request for arbitration *was,* nor is made . . ." However, the apparent inconsistency is immaterial because no matter which of the two versions we accept, the Employer did not unequivocally refused to arbitrate, either because it finally agreed to do so, or because the Union did not request arbitration, and is not now requesting the Court to compel the Employer to so arbitrate.

■ The second theory expounded by plaintiffs, that Rivera was discharged without cause and in violation of the collective bargaining agreement, lacks factual foundation. While an individual employee may file a claim for breach of a collective bargaining agreement under Section 301, *Smith v. Evening News Assn.,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), the employee must show that his discharge violated a specific provision of the bargaining agreement. Rivera has failed to show this essential element of his claim. We have carefully examined Article 7 of the collective bargaining agreement (Procedure for the Resolution of Grievances) and are unable to find any provision where the parties have agreed not to discharge employees without cause.[3] Because plaintiffs have failed to point out specific labor contract provisions showing that a discharge with-

2. We are amazed at the Employer's vehement attempt to exclude said statement, because that statement constitutes evidence that the Employer did not refuse to arbitrate. We note that the Employer missed the mark not only as to this issue, but also in failing to cite the relevant cases in this Circuit as to the applicable statute of limitations in Section 301 claims. *See Communication Workers of America, supra; Hilton International Co. v. Union Local 610,* 652 F.Supp. 1259 (D.P.R.1987), *aff'd.* 833 F.2d 10 (1st Cir.1987).

3. A colorable 301 claim could be made under a bargaining agreement containing language that the employer shall not discharge employees without cause. On the contrary, we note, without deciding the merits of Rivera's discharge,

that Article 7, Section 10 provides that the employer may discharge an employee without prior notice or filing of charges in cases where the employee abandons his job for five consecutive days without notifying his employer or without justification. There is a fundamental difference between the failure to arbitrate a discharge of an employee and the breach of the collective bargaining agreement in discharging an employee. The former is almost always arbitrable under the typical arbitration clause. The latter, however, needs a specific clause in the collective bargaining agreement prohibiting discharges without cause or a general statement that discharges and/or discipline be for "just cause."

out cause is a breach of an employee's rights under the collective bargaining agreement, Rivera's claim must likewise fail under this theory.

■ The third and last theory advanced by plaintiffs is that there is no available remedy under the collective bargaining agreement. Again, plaintiffs fall short of the mark to bring their claim within the ambit of Section 301. It is undisputed that after the Employer refused to arbitrate the grievance concerning Rivera's discharge, the Employer consulted with counsel and agreed to arbitrate. Then, something unusual happened on the way to the arbitration forum. One arbitrator disqualified himself because the Union had requested his disqualification. The other remaining arbitrators made it known to the parties that they would not be available to arbitrate future cases. There is no evidence that the Employer caused this development or is to be faulted for the unavailability of an arbitrator to entertain the dispute. On the contrary, one of the arbitrators, Aponte Roque, disqualified himself as a result of the Union's request therefor in another case. The other two voluntarily refused to continue acting as arbitrators for the parties.

Section 6 of the Grievance Procedure provides that:

> The selection of an arbitrator will be *made* from a list of three persons, who are Mr. Félix Aponte Roque, Mr. Oscar Lausell Ramos and attorney Alfonso García Martínez, *should the parties fail to agree on the arbitrator.* From that list of three persons the grievant shall delete one name and the respondent shall delete another name. The remaining name shall be the arbitrator.[4]

Plaintiffs could have requested the Employer to agree on another arbitrator.

They did not. Consequently, we fail to see a violation giving rise to a Section 301 claim merely because the Union did not do all it could do under the arbitration clause. This set of facts is a far cry from the run-of-the-mill case where the employer repudiates or disregards the grievance procedures, and then raises the defense that the union failed to exhaust the grievance machinery of the labor contract.[5] Here, the Union merely assumed that because the three named arbitrators were no longer available, it had no further remedies at hand and threw in the towel. This, without more, does not give rise to a claim against the Employer either for breach of the labor contract, or for refusal to arbitrate.

Because none of the three theories asserted by the Union in the complaint, as developed on the record, is sufficient to state a claim under Section 301, the complaint shall be dismissed. Judgment shall be entered accordingly.

IT IS SO ORDERED.

■■■■■■■■■■■■■

---

4. We have made our own independent translation of this clause. The certified translation completely omitted the underlined sentence, substituted García Méndez for García *Martínez,* and used the verb "done" in lieu of "made" on the same line.

5. Because the Employer finally agreed to arbitrate the matter, it is irrelevant whether the

Union failed to comply with the grievance procedure time limits. The Employer, having subsequently agreed to arbitrate, waived its timeliness defenses. It is likewise irrelevant, for the purpose of our ruling, whether the case is time-barred because the plaintiffs cannot prevail on the merits, as they have failed to establish a valid Section 301 claim.