**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 02-2357

NATHANIEL COOPER,

Plaintiff, Appellant,

v.

ANTHONY PRINCIPI, SECRETARY,
UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Nathaniel Cooper on brief pro se.
Thomas P. Colantuono, United States Attorney, and Robert J. Rabuck, Assistant U.S. Attorney, on brief for appellee.

---

July 24, 2003

---

**Per Curiam**.    Pro se plaintiff-appellant Nathaniel Cooper ("Cooper") appeals from the dismissal of his second complaint against the United States Department of Veterans Affairs ("VA") based upon res judicata.  We review the dismissal of a complaint on res judicata grounds de novo.  See, e.g., Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995).  We are obligated to construe a pro se complaint liberally, Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).  After carefully reviewing the parties' briefs and the record, we affirm the dismissal of the present complaint for the reasons stated below.

Under the federal doctrine of res judicata, "a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." See, e.g., Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 177 (1st Cir. 1999).  "For a claim to be precluded, there must be: (1) a final judgment on the merits in an earlier action; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two suits."  Id.  We briefly address the lower court's ruling regarding each element.

First, the lower court determined that a final judgment on the

merits had been rendered in the earlier suit. The court had dismissed the claims in the first suit as either time-barred under the applicable statutory limitations periods or precluded by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 et seq. It is well-settled that a dismissal on statute-of-limitations grounds is a judgment "on the merits." See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995). Even though the magistrate judge recommended and the district court approved that Cooper's first suit be dismissed "without prejudice," we have held that a dismissal labeled "without prejudice" is, in fact, "with prejudice" if the statute of limitations has run. Hilton Int'l Co. v. Union De Trabajadores De La Industria Gastronomica De Puerto Rico, 833 F.2d 10, 11 (1st Cir. 1987). Therefore, the dismissal of the time-barred claims constituted a final judgment on the merits, satisfying the first res judicata element.

With respect to the claims held to be precluded by the CSRA, their dismissal rested on the fact that the federal statute preempted Cooper's lawsuit and barred him from litigating those claims in that forum. The lower court, in effect, lacked subject matter jurisdiction over the CSRA claims. See Berrios v. Department of the Army, 884 F.2d 28, 31-32 (1st Cir. 1989). Although a dismissal for lack of jurisdiction is not considered to be "on the merits," see Fed. R. Civ. P. 41(b), and, thus, does not effect a merger or bar based on the prior claims, the doctrine of

collateral estoppel prevented the court from rehearing the issue of preemption. See Muniz Cortes v. Intermedics, Inc., 229 F.3d 12, 14-15 (1st Cir. 2000) (noting that dismissal for lack of subject matter jurisdiction "precludes relitigation of the issues determined in ruling on the jurisdictional question"). Because the issue of CSRA's preemption could not be relitigated, the CSRA preempts these same claims in the second suit. Moreover, although the dismissal of the first suit was labeled "without prejudice," it is "with prejudice" with respect to the issues that were decided in the first suit. See, e.g., In re Kauffman Mut. Fund Actions, 479 F.2d 257, 267 (1st Cir. 1973) (holding that dismissal "without prejudice" still bars relitigation of "very question which was litigated in the prior action"). Accordingly, we uphold the lower court's dismissal of Cooper's CSRA claims under the doctrine of collateral estoppel (or issue preclusion), without determining whether the merger and bar branch of res judicata (or claim preclusion) applies to a dismissal based on preemption. See, e.g., Four Corners Serv. Station, Inc. v. Mobil Oil Corp., 51 F.3d 306, 314 (1st Cir. 1995) (noting that appellate court is free to affirm district court judgment on any ground supported by the record).

Next, the lower court determined that all of the claims asserted by Cooper in the second suit were asserted, or could have been asserted, in the earlier suit because both causes of action arose as a result of Cooper's removal from his job. In our

circuit, for res judicata purposes, a cause of action embraces the various possible claims derivable from "a set of facts which can be characterized as a single transaction or series of related transactions." Apparel Art Int'l, Inc., 48 F.3d at 583. The test to determine the identity of two causes of action for purposes of res judicata is whether the essential or operative facts are the same in both cases. Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). In making this determination, courts consider various factors, such as (1) whether the facts are related in time, space, origin or motivation, (2) whether they form a convenient trial unit, and (3) whether their treatment as a unit conforms to the parties' expectations. Id. This test does not require identity of legal theory. Porn v. National Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996) (noting that "[t]he mere fact that different legal theories are presented in each case does not mean that the same transaction is not behind each").

The lower court correctly determined that both actions arose from Cooper's 1994 removal from his federal job. A comparison between the first complaint and the present complaint reveals many of the same claims. The lower court noted two of them: Both complaints alleged that the VA's actions resulted in damage to Cooper's credit rating, and both asserted that the VA disseminated false medical information which, in turn, adversely affected

Cooper's employment. Both complaints also alleged that the VA unjustly recouped severance payments under false pretenses and without a hearing.

Cooper's new claims are merely additional complaints about the VA's actions following his removal. Cooper asserts that the VA denied him vocational retraining and tampered with his files to delay the processing of his retraining benefits. Cooper also seeks reimbursement of tuition he paid out-of-pocket because of the denial of vocational retraining. The lower court determined that all of these claims appeared to relate to Cooper's job removal, and were factually similar in time, origin and motivation. This determination was proper. Cooper's claim to entitlement to VA vocational retraining benefits, and his allegations of file tampering, would not have arisen had he not been removed from his job. Moreover, Cooper's own statements evidence the identity of his two causes of action. In his first suit, Cooper specifically alleged that the VA committed various acts against him in reprisal for his whistleblowing activities. Thus, Cooper took the position that the VA's adverse actions were directly related to each other in terms of the VA's motivation and common purpose to retaliate against him. See, e.g., Havercombe v. Department of Educ., 250 F.3d 1, 6 (1st Cir. 2001) (holding that separate causes of action alleging various improper acts by employer added up to single claim of workplace harassment). Although Cooper asserts in his reply

brief that he was not removed from his job, but, rather, did not return to his job because of an ankle injury, this assertion is belied by statements in Cooper's initial brief, where he asserted that he "was separated from the military under false pretenses" because he had "made protected whistle-blowing disclosures."

In sum, Cooper's claims in both suits seek redress for the same wrong: his removal from his job. There is no reason why the new claims in the present suit could not have been raised in the earlier action. Cooper was in possession of all the facts on which his new claims were based before filing his first action. See, e.g., Massachusetts Sch. of Law, 142 F.3d at 38 (noting that plaintiff "d[id] not identify any significant facts that were not within its ken before the [first] action reached its climax" in upholding res judicata bar to second action). Accordingly, the lower court was correct in finding that there was sufficient identity between the causes of action asserted in the two suits to satisfy the second element of res judicata.

Lastly, the lower court determined that the parties in both cases were identical. The record demonstrates that Cooper named the VA as a defendant in both of his lawsuits. Therefore, the lower court was correct in finding that this last element of res judicata was satisfied. Accordingly, we affirm the dismissal of the present suit.