**OCCIDENTAL CHEMICAL CORPORATION, Plaintiff,**

v.

**INTERNATIONAL CHEMICAL WORKERS UNION; and Local 820, International Chemical Workers Union, Defendants.**

**No. G84–402 CA.**

United States District Court,
W.D. Michigan, S.D.

June 29, 1987.

Crowell & Moring by Thomas P. Gies and Kathleen J. Raynsford, Washington, D.C., and Miller, Johnson, Snell & Cummiskey by Barry R. Smith, Grand Rapids, Mich., for plaintiff.

Salvatore J. Falletta, Gen. Counsel, Akron, Ohio, and Kleiner, De Young & Fayette by A. Robert Kleiner, Grand Rapids, Mich., for defendants.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff, Occidental Chemical Corporation ("Occidental"), brought this action directly under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to vacate an arbitration award. The defendant, International Chemical Workers Union ("Union"), in turn, filed a counterclaim against the plaintiff under § 301 seeking enforcement of the arbitration award. In an Opinion dated July 22, 1985, the Court dismissed the plaintiff's cause of action as time-barred under the United States Arbitration Act of 1925 ("USAA"), 9 U.S.C. § 12, however, it neglected to address the counterclaim for enforcement of the award. 614 F.Supp. 323. The defendant has moved to amend the judgment to reflect dismissal of the complaint *only* or alternatively to dismiss the complaint and enter summary judgment on its counterclaim for enforcement. Oral argument was heard and supplemental briefs were received and considered. The matter is now before the Court for decision.

Defendant contends that the USAA, 9 U.S.C. § 9, which provides a one-year limitations period, is applicable to its counterclaim for enforcement. Defendant therefore asserts that its claim was timely filed and it further contends that plaintiff, having failed to timely move for vacation of the award, is barred from asserting any defenses to the counterclaim for enforcement. Accordingly, defendant moves the court to enter judgment in its favor on the counterclaim.

Plaintiff contends that the six-month statute of limitations applicable to hybrid § 301 claims is the appropriate limitations period and that the substantive provisions of the USAA do not apply to actions under § 301. Occidental further contends that application of the USAA's procedural provisions cannot bar considerations of its defenses to enforcement of the arbitrator's award.[1]

---

1. Occidental also contends that application of the three-month statute of limitations to its claim for vacation violates due process. Occidental asserts that it justifiably relied on the decision of *Local 1025, United Paperworkers International Union v. Menasha Corp.*, 582 F.Supp. 241 (W.D.Mich.1984) in presuming that a six-month limitations period applied to § 301 actions involving arbitration awards. The Court is of the opinion that the proper time to assert these contentions was when the appropriate statutory period for vacation was at issue, and not in response to the counterclaim to enforce the award. However, even if the plaintiff's argument was timely, the Court concludes that the plaintiff's due process rights have not been abridged.

Application of the USAA, absent an appropriate state statute, is a result which was clearly foreseeable in light of existing case law at the time the arbitrator's decision was issued. *See, e.g. United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (applying appropriate state statute of limitations in action to vacate labor arbitration award),

■ In dismissing, as untimely, plaintiff's suit to vacate the arbitration award, this Court concluded that state arbitration statutes govern actions to vacate arbitration awards brought directly under § 301 rather than the six-month statute of limitations applicable to hybrid § 301 actions. *Occidental v. International,* 614 F.Supp. 323 (W.D.Mich.1985). Relying on the case of *Badon v. General Motors,* 679 F.2d at 93, the Court further concluded that the Michigan statute of limitations applicable to actions to vacate arbitration is inapplicable to collective bargaining agreements. Alternatively, the Court adopted and applied the three-month time limit of the USAA as being consistent with labor policy which favors the quick and final resolution of labor disputes. For the reasons set forth in its previous opinion, the Court concludes that the six-month statute of limitations applicable to hybrid actions is similarly inapplicable to actions to enforce arbitration awards under § 301. Absent an applicable state statute, and consistent with its previous opinion, the Court concludes that the time period for enforcement under the USAA, 9 U.S.C. § 9 should apply by analogy.[2]

■ Section 9 sets forth a one-year period in which a party may seek confirmation of an arbitration award and it mandates that the court confirm an award unless vacated, modified or corrected. As the counterclaim for enforcement was filed on June 1, 1984, seven months after the award was issued, the counterclaim was timely filed. Having concluded that the Union's counterclaim is properly before the Court, the Court must next consider whether the plaintiff's failure to timely file its action to vacate precludes it from defending on the merits of the counterclaim for enforcement.

The Union has urged this Court to adopt the reasoning of *Chauffeurs, Teamsters, Warehousemen & Helpers, Local 135 v. Jefferson Trucking,* 628 F.2d 1023 (7th Cir. 1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981), where the court held that failure to timely move for vacation of an award barred defensive challenges to its validity in a suit for enforcement. Occidental argues that other courts applying the USAA have refused to bar defenses to enforcement and it contends that *Jefferson Trucking* is inapplicable, as its holding is based on the application of a state statute of limitations rather than the provisions of the USAA. Moreover, Occidental contends that irrespective of the procedural requirements of the USAA, Sixth Circuit precedent in *National Post Office Mailhandlers Local No. 304 v. United States Postal Service,* 751 F.2d 834 (6th Cir.1985) and *J.L. Foti Construction,* 742 F.2d 994 (6th Cir.1984) mandates that this court consider its defenses to the counterclaim on the merits under the standards of

*Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982) (Michigan arbitration statute inapplicable to collective bargaining agreements), *Chattanooga Mailers Union v. Chattanooga News–Free Press Co.,* 524 F.2d 1305 (6th Cir. 1975), (USAA relevant for procedural guidance in labor arbitration matters); *see also Carpenters 46 Northern California Counties Conference Board v. Meddles,* 535 F.Supp. 775 (N.D.Calif. 1981), *International Union, United Auto, Aerospace & Agricultural Implement Workers of America (UAW) v. La Crosse Cooler Co.,* 406 F.Supp. 1213 (W.D.Wis.1976) (cases previously applying provisions of USAA in labor arbitration cases). Furthermore, *Menasha* was decided four months after the award was issued, therefore the Court is of the opinion that the plaintiff could not have relied on *Menasha* in waiting four months to file its claim. Thus application of the three-month statute was not wholly unanticipated, does not lead to inequitable results and fails to offend due process notions of fairness. *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

**2.** 9 U.S.C. § 9 provides in pertinent part:
§ 9. Award of arbitrators; confirmation; jurisdiction; procedure
If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

review in the *Steelworkers Trilogy.*[3]

Occidental's position is without merit. In *National Post Office* and *Foti,* the claims and/or counterclaims for vacation and enforcement were timely filed. Thus application of the statute of limitations was never an issue considered or decided by the Court. Both cases are instructive as to the standard to be applied when reviewing challenges to labor arbitration awards on the merits; however, neither case dictates, as plaintiff contends, that the court must consider the merits of an award, by way of defenses to an action to enforce, when the cause of action for vacation is otherwise time-barred. Therefore, those cases are inapposite in this instance.

The Sixth Circuit directly addressed the issue before this Court in the recent case of *Professional Administrators Limited v. Kopper–Glo Fuel, Inc.,* 819 F.2d 639 (6th Cir.1987). In *Kopper–Glo,* the Court adopted the rule of *Jefferson Trucking* and precluded defenses to confirmation of a labor arbitration award where the appellants failed to timely move for vacation of the award. *Id.* at 642–43. The Court reasoned that barring defenses based on a failure to timely move for vacation is consistent with the purposes of arbitration, which is meant to be a quick and final resolution of disputes. Furthermore, the court noted that confirmation should be a summary proceeding and not a method in which to secure affirmative relief. *Id.* Although *Kopper–Glo* involved application of a state statute of limitations, this distinction is insignificant. The policy considerations noted in *Kopper–Glo,* and cases cited therein, are applicable no matter what statute of limitations is employed. Moreover, the court in *Kopper–Glo* endorsed the holding of *Florasynth, Inc. v. Pickholz,* 750 F.2d 171 (2nd Cir.1984) which reached the same conclusions applying the provisions of the USAA. *Id.*

Applying the holding of *Kopper–Glo* to the facts of this case, the Court concludes that Occidental, having failed to timely file its action for vacation, is precluded from asserting defenses to the counterclaim for enforcement of the award. It follows *a fortiori,* that the Union is entitled to summary judgment, as a matter of law, on its counterclaim to enforce the award.

Accordingly, defendant's motion to amend the judgment dated July 22, 1985 is granted. The judgment shall be amended to include judgment in favor of the Union on the counterclaim for enforcement of the arbitration award.