OCCIDENTAL CHEMICAL CORPORA-
TION, Plaintiff–Appellant,

v.

INTERNATIONAL CHEMICAL WORK-
ERS UNION; Local 820 International
Chemical Workers Union, Defendants–
Appellees.

No. 87–1728.

United States Court of Appeals,
Sixth Circuit.

Argued April 29, 1988.

Decided Aug. 1, 1988.

Thomas P. Gies (argued), Crowell & Moring, Washington, D.C., Keith Fischler, William H. Fallon, Miller, Johnson, Snell and Cuminskey, Grand Rapids, Mich., for plaintiff-appellant.

Salvatore J. Falletta (argued), General Counsel, Akron, Ohio, for defendants-appellees.

Before LIVELY, KRUPANSKY and BOGGS, Circuit Judges.

LIVELY, Circuit Judge.

This appeal requires us to determine the most appropriate statute of limitations to apply in a case from Michigan, brought pursuant to § 301 of the Labor Management Relations Act of 1947 (LMRA) to vacate an arbitration award. The employer filed this action approximately five months after the arbitrator released his opinion and award. The district court applied the three-month limitations period found in § 12 of the United States Arbitration Act (USAA) and dismissed the suit as untimely.

## I.

The district court did not reach the merits of the case and we will not discuss the facts in detail. Suffice it to say that an arbitrator found in favor of a former employee of Occidental in a dispute over the calculation of pension benefits. Occidental

then brought this action directly under § 301 of the LMRA, 29 U.S.C. § 185, to vacate the award. Occidental filed a motion for summary judgment vacating the award and the defendant union filed a similar motion on its counterclaim for enforcement of the award. After considering several possible limitations periods the district court concluded that § 12 of the USAA, 9 U.S.C. § 12, "best accommodates the federal interests at stake in suits to vacate arbitration." *Occidental Chemical Corp. v. Local 820, International Chemical Workers Union*, 614 F.Supp. 323, 328 (1985).

The judgment dismissing Occidental's suit to vacate was subsequently amended to grant the union's motion to enforce the arbitration award. The court found in its amended opinion, 691 F.Supp. 1049, that the union's motion was timely since the USAA contains a one-year limitations period for an action to confirm an arbitration award, and that Occidental's failure to bring a timely action to vacate the award precluded it from objecting to its enforcement. Occidental appealed from the judgment, as amended.

## II.

Congress did not prescribe a limitations period for actions under § 301. The Supreme Court held in *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), that selection of the appropriate statute of limitations in a § 301 action is controlled by federal law "fashion[ed] from the policy of our national labor laws." *Id.* at 701, 86 S.Ct. at 1111, quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957). The Court then discussed the rule dating at least from 1830 that "state statutes of limitations govern the timeliness of federal causes of action unless Congress has specifically provided otherwise." 383 U.S. at 703–04, 86 S.Ct. at 1111–12. Applying this rule, the Court held that "the timeliness of a § 301 suit, such as the present one, is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Id.* at 704–05, 86 S.Ct. at

1112–13. *Hoosier Cardinal* was a "straightforward" § 301 suit by a union to recover money claimed to be due to employees under the terms of a collective bargaining agreement and oral contracts, and the Court applied Indiana's six-year limitations period governing contracts not in writing.

In *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court was required to determine the appropriate statute of limitations in an employee's § 301 action against his employer. The Court concluded that the employee's action was, in effect, one to vacate the award of an arbitration panel, not a straight contract action. *Id.* at 62, 101 S.Ct. at 1563. On this basis, the Court held that the district court had properly dismissed the action as untimely on the basis of New York's ninety-day statute of limitations for actions to vacate arbitration awards.

In a concurring opinion Justice Stewart stated that he did not read *Hoosier Cardinal* to constrain the Court to choose between state limitations periods, and stated that he would have applied the six-month limitations period of § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). 451 U.S. at 65–71, 101 S.Ct. at 1565–68. He reasoned that *Hoosier Cardinal* was a straightforward breach of contract damages suit whereas *Mitchell* was actually a hybrid action joining a § 301 claim against the employer with a claim against the plaintiff's union for breach of its duty of fair representation. While the § 301 claim was based on a contract, the duty of fair representation claim derived from the NLRA. Since the suit was an "amalgam of § 301, which has no limitations period, and the NLRA," which contains a six-month statute of limitations, Justice Stewart concluded that policy considerations underlying the adoption of NLRA's limitations period dictated that it be applied in a hybrid case. *Id.* at 67–68, 101 S.Ct. at 1566–67. Justice Stewart summarized his view as follows:

In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance

between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system. That is precisely the balance at issue in this case. The employee's interest in setting aside the "final and binding" determination of a grievance through the method established by the collective-bargaining agreement unquestionably implicates "those consensual processes that federal labor law is chiefly designed to promote—the formation of the ... agreement and the private settlement of disputes under it." *Hoosier*, 383 U.S., at 702 [86 S.Ct., at 1111]. Accordingly, "[t]he need for uniformity" among procedures followed for similar claims, *ibid.*, as well as the clear congressional indication of the proper balance between the interests at stake counsels the adoption of § 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this.

*Id.* at 70–71, 101 S.Ct. at 1567–1568 (footnote omitted).

The Supreme Court essentially adopted Justice Stewart's view for hybrid cases in *DelCostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Court distinguished *Mitchell* by noting that the union in that case had not appealed the arbitration panel's finding of a violation of the duty of fair representation; thus the only issue that reached the Supreme Court concerned the employee's § 301 breach of contract claim against his employer. *Id.* at 154 n. 1, 103 S.Ct. at 2285 n. 1. *Hoosier Cardinal* required that the most analogous state statute of limitations be applied to that claim. However, the Court noted that there is no state cause of action that is closely analogous to a hybrid § 301/fair representation claim. *Id.* at 165, 103 S.Ct. at 2291. State laws governing commercial arbitration do not offer a perfect parallel as they tend to contain too short a limitations period to permit an unsophisticated employee, typically represented only by a union, to take the necessary steps, such as hiring a lawyer, making further investigation and preparing a suit. *Id.* at 166, 103

S.Ct. at 2291. After rejecting other possible state-law parallels, the Court concluded that in § 10(b) Congress had supplied a "federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake" in a hybrid § 301/fair representation case. *Id.* at 169, 103 S.Ct. at 2293.

The Court stressed that it was not departing from its practice of borrowing limitations periods for federal causes of actions and that resort to state law "remains the norm" when borrowing. However, the borrowing rule is not ironclad:

> Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

*Id.* at 171–72, 103 S.Ct. at 2294–95.

## III.

### A.

As the district court noted there are three statutes of limitations which arguably could be applied in this case. These are the twenty-one day period contained in the Michigan arbitration act, the three-month period in § 12 of the USAA, and the six-month period in § 10(b) of the NLRA. The district court concluded that the limitations period applicable to an action to vacate an award under the Michigan arbitration act should not be borrowed because that act, by its terms, does not apply to labor disputes. The court based this conclusion on a provision of that act contained in Michigan Compiled Laws Annotated (MCLA) § 600.5001(3):

> (3) **Collective labor contracts excepted.** The provisions of this chapter shall not apply to collective contracts between employers and employees or associations of employees in respect to terms or conditions of employment.

In making this determination the district court relied on this court's decision in a

hybrid action where the court refused to apply the limitations period in Michigan's arbitration act because of its exclusionary language. *Badon v. General Motors Corp.*, 679 F.2d 93, 98 (6th Cir.1982). The district court also found the six-month limitations period in § 10(b) of the NLRA inapplicable because "[a]lthough *DelCostello* establishes a statute of limitations period for hybrid claims under § 301, it does not address actions arising solely under § 301 or, more specifically, suits to vacate arbitration awards brought directly under § 301." 614 F.Supp. at 324.

In selecting § 12 of the USAA as the most appropriate statute of limitations the court considered *Hoosier Cardinal* and *Mitchell* as well as *DelCostello* and found that national labor policies would be served by applying the three-month provision. These policies favor arbitration generally, seek a rapid resolution of labor disputes, and promote the finality of private settlements. The court also concluded that the desirability for uniformity promoted by *DelCostello* in hybrid cases is not as compelling a factor in a straightforward § 301 suit to vacate an arbitration award.

The district court recognized that other courts have found § 12 of the USAA inapplicable. *E.g., Derwin v. General Dynamics Corp.*, 719 F.2d 484 (1st Cir.1983) (an action to confirm a labor arbitration award); *Electrical, Radio & Machine Workers v. Ingram Mfg. Co.*, 715 F.2d 886 (5th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984) (an action to enforce a labor arbitration award where the employer filed defenses). In these two cases the limitations period of § 12 was found inapplicable for different reasons. In *Derwin* the court followed the traditional path and applied a provision of the state arbitration act. The court concluded that the USAA could be consulted in formulating federal substantive law, but is not binding in § 301 cases. 719 F.2d at 488. In *Ingram* the court rejected § 12 because the USAA contains a disclaimer with respect to labor contracts:

> [N]othing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

9 U.S.C. § 1. Since the Texas arbitration act also contains a disclaimer similar to that found in the Michigan act, the court in *Ingram* settled on the Texas catch-all four-year statute of limitations as the most appropriate one to apply in a § 301 action to enforce an award and to the defenses which sought to vacate the award.

## B.

Clearly there are different considerations in selecting an appropriate statute of limitations for an action to confirm or enforce an award and an action to vacate or modify an award. Only the action to vacate or modify involves an attack on the award and, consequently, only this action threatens the finality of the award. Thus, § 9 of the USAA permits an action to confirm within one year after the award is made while § 12 imposes a three-month limitations period for actions to vacate or modify. Courts have also recognized the different effect of actions to confirm and to vacate labor arbitration awards. As the court stated in *Service Employees v. Office Center*, 670 F.2d 404, 412 (3d Cir.1982):

> Moreover, there are sound reasons for distinguishing between the period in which a motion to vacate can be brought and the period for bringing an action to confirm. An action to vacate an award challenges the underlying *validity* of the arbitration proceeding and award. The policy of quickly resolving disputes subject to arbitration, especially labor disputes, favors a short limitations period for such challenges. Occasionally, in the implementation process, however, parties to an arbitration may be willing or find it necessary to readjust the terms of the arbitration award before seeking its confirmation. Recognizing the realities of the marketplace, the Pennsylvania legislature may with good reason have allowed a longer period of time for the confirmation of a concededly valid award without forcing the parties to resort to judicial involvement.

Consistent with this reasoning, even though an action to confirm typically carries a longer limitations period, a party may not file defenses against confirmation after the time for an action to vacate has expired. See *Professional Administrators, Ltd. v. Kopper–Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir.1987); *Office Center*, 670 F.2d at 411–12; *Teamsters v. Jefferson Trucking Co.*, 628 F.2d 1023, 1027 (7th Cir.1980), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981).

## IV.

### A.

In *Champion International Corp. v. Paperworkers*, 779 F.2d 328 (6th Cir.1985), an action under § 301 to vacate an arbitration award, we upheld the district court's application of Tennessee's ninety-day limitations period for actions to vacate or modify an arbitration award. In doing so, this court rejected the argument that *DelCostello* requires application of a federal statute of limitations. *Id.* at 331–32. However, in *McCreedy v. United Auto Workers Local 971*, 809 F.2d 1232 (6th Cir.1987), a § 301 suit by a union to compel arbitration, where the district court applied a six-year state statute of limitations for contracts not in writing, this court reversed, holding that the six-month provision of § 10(b) is a more appropriate limitations period. The court recognized the traditional approach of borrowing a state statute, but concluded that federal policies were better served in this situation by adopting the NLRA limitations period since the only arguably analogous Ohio statute was too long and thus inappropriate. The court reasoned that permitting long delays in bringing an action to compel arbitration thwarts the prompt and final resolution of labor disputes that is at the heart of labor law principles favoring arbitration.

### B.

▮ We recognize that our first task is to determine whether there is a Michigan statute that would provide the most appropriate limitations period in this case. The Michigan arbitration act obviously applies to a closely analogous cause of action. However, this court has noted that Michigan excludes labor contracts from its arbitration act, and has stated that the statute of limitations contained in that act is not appropriate for application in a § 301 action. *Badon*, 679 F.2d at 98–99. *Badon* was not a suit to vacate an arbitration award, and we are not required to follow its broad statement. Nevertheless, we agree that in view of the Michigan act's disclaimer it does not provide the most appropriate limitations period. *Cf. Ingram*, 715 F.2d at 889.

▮ The parties have not identified, and we have not found, any other Michigan statute of limitations that is appropriate for these proceedings. Thus, we must choose between two federal statutes of limitations—the three-month period of § 12 of the USAA or the six-month period of § 10(b) of the NLRA. Strong arguments can be made for both. Section 10(b) is part of a comprehensive labor law and expresses congressional policy in the labor field, although it clearly is not addressed to an action to vacate an arbitration award. By adopting § 10(b) we would be choosing a reasonably short period and would provide uniformity between "straight" § 301 actions and hybrid § 301/unfair representation actions.

On the other hand, § 12 is found in a federal statute dealing specifically with arbitration, and provides a short limitations period that is nearer in length to the typical state statute of limitations for actions to vacate an arbitration award. However, the USAA does contain an exclusion with respect to labor contracts. In *Paperworkers Union v. Misco, Inc.*, —— U.S. ——, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), the Court discussed the USAA disclaimer as follows:

The Arbitration Act does not apply to "contracts of employment of ... workers engaged in foreign or interstate commerce," 9 U.S.C. § 1, but *the federal courts have often looked to the Act for guidance in labor arbitration cases*, especially in the wake of the holding that § 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, empowers

the federal courts to fashion rules of federal common law to govern "[s]uits for violation of contracts between an employer and a labor organization" under the federal labor laws. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957) (construing 29 U.S.C. § 185). See, *e.g.*, *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123 (CA3 1969); *Pietro Scalzitti Co. v. International Union of Operating Engineers, Local No. 150*, 351 F.2d 576 (CA7 1965). 108 S.Ct. at 372 n. 9 (emphasis added). Without the benefit of this comment by the Supreme Court, in an action to vacate an award the Eleventh Circuit "look[ed] to the [USAA] for guidance" and "borrowed" the three-month period of § 12 while declining to apply it "directly." *Postal Workers v. United States Postal Service*, 823 F.2d 466, 476 (1987).

The dissent appears to be based on the conclusion that this court has "paradoxically adopt[ed] the United States Arbitration Act (USAA) standard as the appropriate one," after rejecting the Michigan act that contains exclusionary language similar to that of the USAA. This argument overlooks the fact that, despite the language of the USAA, courts may look to it for guidance in labor arbitration cases, *Paperworkers Union v. Misco, Inc.*, and borrow its three-month period while not applying it directly. *Postal Workers v. United States Postal Service*. This is the procedure we have approved in the present case.

## C.

■ In the situation we have where there is no closely analogous state statute of limitations to apply, we believe the district court's decision to borrow § 12 was appropriate. Given the desirability of a rapid resolution of disputes over an arbitrator's award, three months appears to us to be a more appropriate limit than six for an action attacking the validity of an award. The considerations that led the Supreme Court to choose § 10(b) in a hybrid

§ 301/unfair representation case are not present in this case. The same reasoning, however, that led the *DelCostello* Court to apply § 10(b) leads us to select a limitations period by reference to § 12 of the USAA in this case. The dispute is between an employer and a union, and is not an action by an employee against his employer and a union. Both parties have been represented by counsel throughout these lengthy proceedings, and it could not be claimed that either required a long period to determine whether to accept the award or seek to have it set aside.

## V.

The remaining issues raised by Occidental do not require detailed analysis.

## A.

■ Occidental argues that if we affirm the district court's application of § 12's three-month limitations period, we should apply this "new rule" prospectively. We disagree. The general rule is that judicial decisions have retroactive effect. *Goodman v. Lukens Steel Co.*, —— U.S. ——, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987). When the Supreme Court decided *DelCostello*, adopting a limitations period that had been urged upon it two years previously in *Mitchell*, it applied that "new rule" to the parties in the case. This court has applied *DelCostello* retroactively in a number of cases. *E.g.*, *Smith v. General Motors Corp.*, 747 F.2d 372 (6th Cir.1984);[1] *Maynard v. Revere Copper Products, Inc.*, 773 F.2d 733, 734 (6th Cir.1985).

The facts of this case clearly qualify our decision for retroactive application under *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The decision does not represent a "clear break" with past law; to the contrary, the question of what statute of limitations should be applied in a case like this was unsettled. The "normal rule" was that the statute of limitations for the most analogous state

---

**1.** The reasoning of *Smith*, but not necessarily the result, was found no longer valid in *Thomas*

*v. Shipka*, 829 F.2d 570, 571 n. 1 (6th Cir.1987).

cause of action should be applied. The Supreme Court did not apply the § 10(b) six-month limitations period in *Mitchell,* but did apply it in *DelCostello* five months before the arbitrator rendered his decision in this case. In doing so, the Supreme Court stated that resort to state law remained the normal course, but that a federal law that provided a closer analogy could be used if made "significantly more appropriate" by federal policies and the practicalities of litigation. Thus, Occidental was on notice that the court would choose either the most analogous state statute of limitations, which would have provided much less than three months for an action to vacate, or a federal statute that would serve federal labor policy. There are no inequities in applying the three-month period in this case.

### B.

■ Occidental asserts that even if its action to vacate the award was time-barred, the district court erred by merely rubber stamping its approval of the award. Occidental maintains that it should have been given an opportunity to address the deficiencies of the award. This argument overlooks the settled rule that objections that might have formed the basis for a timely action to vacate an award may not be raised as defenses in an action to confirm the award after the limitations period for an action to vacate has expired. *Professional Administrators, Ltd. v. Kopper–Glo Fuel, Inc.,* 819 F.2d 639 (6th Cir.1987). This is the uniform holding of courts that have considered the question. See *Electrical Workers v. Babcock & Wilcox,* 826 F.2d 962, 966 (10th Cir.1987) (listing cases from other circuits that have agreed). As Judge Kennedy stated in *Kopper–Glo* :

> Arbitration is meant to be a quick and final resolution by which parties are bound. Moreover, an action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief.

819 F.2d at 642.

The only question requiring the court's decision under these circumstances is whether the arbitrator's award is against public policy. *Id.* We have examined the award, which merely requires the recalculation of pension benefits in light of the arbitrator's construction of the collective bargaining agreement. The award does not violate public policy.

The judgment of the district court is affirmed.

KRUPANSKY, Circuit Judge, dissenting.

Because the majority's disposition conflicts with the weight of authority from other circuits and is inconsistent with earlier Sixth Circuit precedent, I am constrained to respectfully dissent.

The majority's disposition is on its face internally inconsistent. At the outset, the majority rejects application of the Michigan Statute of Limitations for vacating an arbitration case. The Michigan statute cannot be applied to § 301 cases such as the one at bar, the majority concluded, because the Michigan statute, MCLA § 600.5001(3), contains a clause which reads as follows:

> (3) **Collective labor contract expected.** The provisions of this chapter shall not apply to collective contracts between employers and employees or associations of employees in respect to terms or conditions of employment.

The majority's refusal to accept the Michigan statute was correct and, indeed, compelled by this court's earlier decision in *Badon v. General Motors Corp.,* 679 F.2d 93, 98 (6th Cir.1982) (rejecting application of Michigan statute because of its language specifically excluding labor contracts from the statute).

However, after rejecting the Michigan statute because of its exclusionary language, the majority opinion paradoxically adopts the United States Arbitration Act (USAA) standard as the appropriate one. The majority reaches this result despite the fact that the USAA contains language almost identical to that of the Michigan statute:

> [N]othing herein contained shall apply to contracts of employment of seamen, rail-

**1318**

road employees, or any other class of workers engaged in foreign or interstate commerce.

9 U.S.C. § 1.

The majority attempts to justify this anomalous result by contending that *"Badon* was not a suit to vacate an arbitration award and we are not required to follow its broad statement". However, the distinction (between a suit to vacate and a suit to compel arbitration) was not recognized by the *Badon* court, which expressly declined to apply a limitations period because of the exclusion contained in the applicable statute. Indeed, the majority appears to adopt the *Badon* court's reasoning when it states "we agree that in view of the Michigan Act's disclaimer it does not provide the most appropriate limitations period."

Because the USAA disclaimer is not meaningfully distinguishable from the Michigan Act's disclaimer, the majority's own reasoning (as well as the *Badon* holding) compels rejection of the USAA. Indeed, two earlier panels of this circuit have refused to apply the USAA limitations period to labor cases. *See Champion Int'l Corp. v. Paperworkers,* 779 F.2d 328 (6th Cir. 1985) (rejecting USAA without analysis); *Vaden v. United States Postal Service,* 787 F.2d 594 (6th Cir.1986) (unpublished per curiam).

This position is consistent with the holdings of the First, Third, Fourth, Fifth, Ninth and Tenth Circuits, which have refused to apply the USAA in the labor law context. The legislative history of the USAA makes it clear that the USAA was intended to govern only commercial arbitration and that labor matters were expressly excluded. *See Service Employees Inter-national Union, Local No. 36 v. Office Center Services, Inc.,* 670 F.2d 404, 406–07 n. 6 (3d Cir.1982). Accordingly, almost without exception, the other circuits have adhered to the express language of the USAA and have refrained from "simply invent[ing], by judicial decree, a statute of limitations where Congress has failed to do so." *Edwards v. SeaLand Service, Inc.,* 678 F.2d 1276, 1291 (5th Cir.1982), *vacated on other grounds,* 462 U.S. 1127, 103 S.Ct. 3104, 77 L.Ed.2d 1360 (1983). The weight of authority was best summarized in *San Diego County Dist. of Carpenters v. Cory,* 685 F.2d 1137, 1141–42 (9th Cir.1982). The court analyzed the USAA's exclusion in the context of an action to vacate an arbitration award and decided as follows:

> We question whether Congress intended the courts to look at the USAA for guidance in interpreting Section 301. Section 1 of the USAA specifically excludes from its coverage "contracts of employment ... of any class of workers engaged in foreign or interstate commerce," 9 U.S.C. § 1. This language suggests that Congress did not mean the USAA to be used to review arbitration awards involving collective bargaining agreements.... No legislative sanction can thus be found in the Act for uniformly borrowing the USAA's limitation period for reviewing arbitration decisions under section 301.

This view was recently reaffirmed in *Sheet Metal Workers International v. Air Systems Engineering, Inc.,* 831 F.2d 1509, 1512–13 (9th Cir.1987). Moreover, at least seven other circuit opinions which have discussed the issue have found the USAA to be inapplicable to labor law cases.[1]

---

1. *See Local 1020 of the United Bhd. of Carpenters v. FMC Corp.,* 658 F.2d 1285, 1290–92 (9th Cir.1981) (rejecting USAA in action to vacate arbitration award); *Edwards v. Sea–Land Service, Inc.,* 678 F.2d 1276, 1290–91 (5th Cir.1982) (in action to vacate arbitration award, the court refused to "change the limitations of the Federal Arbitration Act by judicial fiat."), *vacated on other grounds,* 462 U.S. 1127, 103 S.Ct. 3104, 77 L.Ed.2d 1360 (1983); *Sine v. Local No. 992, Int'l Brotherhood of Teamsters,* 644 F.2d 997, 1002 (4th Cir.) (in action to vacate arbitration award, USAA is inapplicable), *cert. denied,* 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981); *Derwin v. General Dynamics Corp.,* 719 F.2d 484 (1st Cir. 1983) (other circuits have "unanimously declined to borrow the limitations period set forth in the federal arbitration act"); *Electrical, Radio & Machine Workers v. Ingram Mfg. Co.,* 715 F.2d 886 (5th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984); *Service Employees Int'l Union Local No. 36 v. Office Center Services, Inc.,* 670 F.2d 404, 406–07 n. 6 (3d Cir.1982); *International Union of Operating Engineers, AFL–CIO, Local No. 670 v. Kerr–McGee Refining Corp.,* 618 F.2d 657, 659 (10th Cir.1980) (counterclaim to vacate arbitration award is not governed by USAA).

Crucially, five of the aforementioned courts have specifically rejected the USAA in actions to vacate arbitration awards. *See G.L. Cory, Inc.*, 685 F.2d at 1141; *Local 1020*, 658 F.2d at 1290–92; *Edwards*, 678 F.2d at 1290–91; *Sine*, 644 F.2d at 1002; *Kerr–McGee*, 618 F.2d at 659. *See also Int'l Association of Heat and Frost Insulators, Local No. 12 v. Insulation Quality Enterprises, Ltd.*, 675 F.Supp. 1398 (E.D.N.Y.1988). Accordingly, the majority's argument that the USAA must be applied in actions to vacate (in contrast to actions to compel) arbitration has been rejected by all but one of the circuit courts which have considered the issue.[2]

As the majority correctly observed, only three limitations periods could arguably be applied in the instant case. I agree with the majority that the Michigan law period cannot apply, but I would not apply the USAA. Accordingly, I would apply the six-month limitations period in § 10(b) of the NLRA. As the majority concedes, "Section 10(b) is part of a comprehensive labor law and expresses congressional policy in the labor field." Maj. Op. at 1315. Moreover, "[b]y adopting § 10(b), we would be choosing a reasonably short period and would provide uniformity between 'straight' § 301 actions and hybrid § 301/unfair representation actions." *Id.*

Even though the shorter USAA statute of limitations might be desirable from a policy perspective, the § 10(b) limitations period does comport with federal labor policy, as the majority acknowledges. Since the majority has presented no convincing reason to "change the limitations of the Federal Arbitration Act by judicial fiat,"

*Edwards*, 678 F.2d at 1291, I am constrained to respectfully dissent.[3]

---

2. *American Postal Workers v. United States Postal Service*, 823 F.2d 466, 476 (11th Cir.1987) is the only circuit decision which supports the majority position. However, that court recognized its position was a minority view. 823 F.2d at 475. Nor does the opinion in *Paperworkers Union v. Misco, Inc.*, — U.S. —, 108 S.Ct. 364, 372 n. 9, 98 L.Ed.2d 286 (1987) support the majority's opinion herein. The court in *Misco* stated expressly that the USAA does not apply to labor contracts. *Id.* However, the court did acknowledge that "the federal courts have often looked to the act for guidance in labor arbitration cases." *Id.* The court did not

endorse this practice, nor did it criticize the numerous circuit decisions which have rejected application of the USAA to labor cases.

3. At this juncture, I express no opinion on the merits of the instant action to vacate. "[O]rderly procedure dictates that the district court decide this question [merits of an action to vacate] in the first instance," *American Postal Workers*, 823 F.2d at 478 n. 20. Since the district court dismissed the instant action solely on the statute of limitations issue, remand is necessary so that the lower court may decide the merits.