953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael J. GARCIA, Dr., Plaintiff-Appellant,
v.
MICHIGAN EDUCATION ASSOCIATION, Defendant-Appellee.
 No. 91-1866.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Dr. Michael J. Garcia, appeals the district court's summary judgment in favor of the defendant in this action to vacate a labor arbitration award rendered under the grievance machinery of a collective bargaining agreement subject to the Labor Management Relations Act of 1947. 29 U.S.C. §§ 185, et seq. Additionally, Garcia moves to supplement the appendix to include a "Rebuttal to Arbitration Opinion and Award." The defendant has filed a motion to strike in response. Garcia also requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Garcia was hired by defendant, Michigan Education Association (MEA), on November 15, 1984, as a Professional Development and Human Rights Consultant-Hispanic Concerns. MEA is a labor organization located in East Lansing, Michigan. Garcia's employment was governed by a collective bargaining agreement between MEA and the United Staff Organization/PSA. Garcia was discharged on June 14, 1988, because of poor work performance. After his discharge, Garcia pursued a grievance which was arbitrated pursuant to the collective bargaining agreement. On April 2, 1990, the arbitrator found in favor of MEA and denied Garcia's grievance. On October 1, 1990, Garcia filed his complaint to vacate the arbitration award. He also sought reinstatement to his position of employment, in addition to monetary relief.
 
 
 3
 MEA filed several motions which sought various forms of summary disposition. The district court applied the three-month limitations period found in § 12 of the United States Arbitration Act (USAA) and dismissed the suit as untimely. Garcia's subsequent motion to alter or amend the judgment was denied in an order filed June 17, 1991.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment in favor of MEA because no genuine issue of material fact existed and MEA was entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The statute of limitations for seeking vacation of a labor arbitration award in Michigan is three months. See Occidental Chemical Corp. v. International Chemical Workers Union, 853 F.2d 1310, 1314 (6th Cir.1988). Garcia filed his complaint almost six months after the entry of the arbitration award. Thus, the complaint was properly dismissed as untimely.
 
 
 5
 Accordingly, the request for counsel is denied, the motion to file a supplemental appendix is denied, the motion to strike is granted, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.