LABORERS' PENSION TRUST FUND— DETROIT AND VICINITY; Laborers' Vacation and Holiday Trust Fund—Detroit and Vicinity; Laborers' and Poured Concrete Workers Insurance Fund; Laborers' and Poured Concrete Workers Industry Steward Fund; and Michigan Laborers' Training Fund, trust funds established under, and administered pursuant to, federal law; Local Union No. 1076, Laborers' International Union of North America, AFL–CIO; and Local Union No. 334, Laborers' International Union of North America, AFL–CIO, Plaintiffs,

v.

David LANGE, d/b/a Able Concrete Wall, Inc.; Able Concrete Wall, Inc.; and Union Lake Foundations, Inc., Defendants.

No. 92–75163.

United States District Court, E.D. Michigan, S.D.

June 12, 1993.

George Kruszewski, Detroit, MI, for plaintiffs.

Bruce G. Hartrick, Troy, MI, for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiffs filed the complaint in this matter August 26, 1992. Plaintiffs filed a first amended complaint October 21, 1992, adding Union Lake Foundations as an "alter ego" defendant.[1] Defendants answered the complaint January 15, 1993. Also on January 15, 1993, both defendant David Lange and plaintiffs filed separate motions for summary judgment. Defendants filed a response to plaintiffs' motion for summary judgment February 16, 1993.[2] Plaintiffs filed a reply February 24, 1993. Pursuant to Local Rule 7.1(e)(2), the court determined that no oral argument was necessary.

### I. Facts

This action was brought by plaintiffs under 29 U.S.C. § 1001, *et seq.*, the Employee Retirement Income Security Act ("ERISA"), to enforce an award granted plaintiffs by a Labor Relationship Committee ("Committee").

Defendant Able Concrete Wall, Inc. is a Michigan corporation formed by David Lange. Lange is Able Concrete's sole incorporator, director, officer, and owner. Able Concrete and plaintiffs are signatories to a collective bargaining agreement ("CBA").[3] Following defendant Able Concrete's failure to pay contributions due under the CBA, plaintiffs filed a grievance March 9, 1992. Pursuant to the terms of the CBA, the grievance was referred to the Committee and a hearing was held May 26, 1992. As a result of this hearing, the Committee found that Able Concrete had failed to pay the contributions claimed by plaintiffs and that David Lange was personally liable for the contributions.

On June 22, 1992, an award was granted in an amount of $114,329.72. Lange was directed to pay said amount within seven calendar days of receipt of the award or within nine mailing days of the mailing of such award to Lange's last known address, with such amount as was not paid to bear interest at the rate of prime minus one percent. After Lange refused to comply with the provisions of the award and refused to pay plaintiffs the amounts required thereby, plaintiffs filed the instant suit.

---

1. For an explanation of the alter ego theory of liability, see discussion *infra*.

2. Plaintiffs did not respond to defendant David Lange's motion for summary judgment. However, plaintiffs' motion addresses, *inter alia*, the issue raised by defendant's motion for summary judgment which seeks to have Lange dismissed as a defendant.

3. Trustees of the Detroit Carpenters Fringe Benefits Funds ("Carpenters") are also signatories to a collective bargaining agreement with defendants. Carpenters have filed a separate action in this district which is currently pending before Chief Judge Julian Abele Cook, case number 92–72906.

Plaintiffs request the court to find that defendants have waived their right to object to the June 22, 1992 decision of the Committee by failing to move to vacate the award within the ninety day limitations period; that defendant David Lange is personally liable, under the doctrine of piercing the corporate veil, for the payments owed by Able Concrete; and that Union Lake Foundations, Inc. is also liable for the contractual obligations of Able Concrete because Union Lake is the alter ego of Able Concrete, and was set up by David Lange for the purpose of evading liability for the amounts owed to plaintiffs.

On February 9, 1993, Chief Judge Julian Abele Cook, Jr. entered an order in a case arising out of same set of circumstances, finding that the corporate veil of Able Concrete Wall, Inc. should be pierced and defendant Lange held personally liable for any monies Able Concrete is found to owe to other ERISA fund plaintiffs.

## II. Standard of Review

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine is-

sues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than

the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

■ An attack on the validity of an arbitration award under a collective bargaining agreement must be brought within three months of the date of such award. *Occidental Chem. Corp. v. International Chem. Workers' Union,* 853 F.2d 1310, 1316 (6th Cir.1988). Where a defendant has failed to move to vacate an arbitration award within the prescribed time period for such motion, said defendant is barred from seeking affirmative relief in a subsequent action to enforce the award. *Chauffeurs, Teamsters Local No. 135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1027 (7th Cir.1980).

■ When the grievance procedure has been exhausted, the courts have nothing left to do but enforce the award. *International Brotherhood of Elec. Workers, Local 29 v. Toshiba America, Inc.,* 879 F.2d 208, 209 (6th Cir.1989). Courts are bound by the arbitrator's finding of fact and do not function as appellate courts or courts of review, but serve only to enforce the arbitrator's award. *Id.*

The defendants apparently do not contest plaintiffs claim that Able Concrete is indebted to plaintiffs in the amount of $114,329.72. Defendants' argue rather that defendant Lange should not be held personally liable for the debts of his company either by virtue of the Committee's award (because Lange allegedly was not present at the Committee hearing), or by virtue of the doctrine of piercing the corporate veil.

In neither defendant Lange's motion for summary judgment nor in defendants' response to plaintiffs' motion for summary judgment, do the defendants offer any explanation for their failure to move to vacate the award within the prescribed time limit. Instead Lange's defense to liability under the award is that he allegedly was not a party to the grievance proceeding, was not present at the hearing, and was not represented by counsel at the hearing. Lange, however, offers no claim that he did not have notice of the hearing or of the award, and therefore, no excuse for his failure to raise these issues in a motion to vacate the award. Thus, Able Concrete Wall, Inc. and David Lange, effectively waived their right to object to the terms of the Committee's award. Nevertheless, the court will address the merits of the corporate veil issue and will address the issue of whether Union Lake is the alter ego of Able Concrete.

Lange further argues that he should not be held liable under the theory of piercing the corporate veil. The court finds, however, that because this issue of defendant Lange's relationship with Able Concrete has been previously decided against defendant Lange, Lange is estopped, by the doctrine of collateral estoppel, from making this claim.

■ In non-diversity cases in federal court, federal collateral estoppel rules apply in determining the effect of a prior judgment. *Gambocz v. Yelencsics,* 468 F.2d 837, 841 n. 4 (3d Cir.1972). The court's jurisdiction over this case arises under 29 U.S.C. § 1001, *et seq.* Therefore, this is a non-diversity case and federal collateral estoppel rules apply.

■ Under federal law, plaintiffs are entitled to introduce a prior judgment to establish *prima facie* all matters of fact and law necessarily decided by that judgment. *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568, 71 S.Ct. 408, 413–14, 95 L.Ed. 534 (1951). Before a court may apply collateral estoppel to bar litigation of an issue, four specific requirements must be met:

(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

(2) determination of the issue must have been necessary to the outcome of the prior proceeding;

(3) the prior proceeding must have resulted in a final judgment on the merits; and

(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*N.A.A.C.P., Detroit Branch v. Detroit Police Officers' Ass'n,* 821 F.2d 328, 330 (6th Cir. 1987). Originally, collateral estoppel was limited by the principle of mutuality, which

provided that neither party could use a prior judgment as an estoppel against the other unless both parties were bound by the judgment. *Lane v. Peterson,* 899 F.2d 737, 741 (8th Cir.1990), citing *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326–27, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). However, the mutuality requirement under federal law has been abandoned. *Id.* Now, a party may rely on collateral estoppel even though he or she is not bound by the prior judgment if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action. *Id.*

In the case at bar, the issue in the case before Judge Cook, of Lange's personal liability for Able Concrete's breach of the ERISA fund contracts, is precisely the same issue as this court is being asked to decide. The only difference between the case before Judge Cook and the case at bar is that plaintiffs in this case have previously obtained an award through the Committee grievance proceeding while plaintiffs in the case before Judge Cook have yet to litigate the breach and damages for which Able Concrete and Lange are allegedly liable.

Determination of the issue of Lange's personal liability is necessary to the outcome of the proceeding before Judge Cook. The proceeding before Judge Cook resulted in a final judgment on the merits as to plaintiffs' claim of personal liability as to defendant Lange. And, as Lange is joined as a defendant in the action before Judge Cook, defendant Lange had a full and fair opportunity to litigate the issue in that proceeding. Finally, defendant Lange's incentive to litigate the issue in the action before Judge Cook is essentially, if not precisely, the same incentive as Lange has to litigate the issue in the action before this court. Thus, the court finds that because the issue of whether the corporate veil should be pierced has already been determined in the action pending before Judge Cook, there is no genuine issue of material fact as to that issue in the case at bar. Therefore, judgment for the plaintiffs shall be entered on this matter.

The issue remaining now before this court is whether defendant Union Lake Foundations, Inc. is an alter ego of Able Concrete Wall, Inc., and therefore liable for the contractual obligations of Able Concrete Wall, Inc. For the following reasons, the court finds that defendant Union Lake is an alter ego of Able Concrete and liable for the contractual obligations of the latter.

In determining if one company is the alter ego of another company, the question is whether the two enterprises have substantially identical management, business, purpose, operation, equipment, customers, supervision, and ownership. *Nelson Elec. v. National Labor Relations Bd.,* 638 F.2d 965, 968 (6th Cir.1981). An alter ego is treated as a single continuous employer, and the contractual obligations of one element of the alter ego are therefore binding on the others. *Carpenters' Local Union No. 1846 v. Pratt–Farnsworth,* 690 F.2d 489, 507 (5th Cir.1982).

In their response to plaintiffs' motion for summary judgment, defendants do not dispute plaintiffs' factual allegation that Union Lake Foundations, Inc. performs the same work as Able Concrete Wall, Inc., that both companies operate out of the same locations (Lange's residence as an office and his parents' home as a storage yard), have the same phone numbers, business purpose, equipment and customers. Neither do defendants contest plaintiffs' allegation that Union Lake Foundations, Inc. was set up by Lange only after the plaintiffs began processing their grievance, and was created solely for the purpose of allowing Able Concrete to continue its business while evading further liability under the union contracts. In fact, defendants make no argument whatsoever in defense of the alter ego claim of plaintiffs. Thus, the court finds that defendants have failed to demonstrate that there is any genuine issue of material fact as to whether Union Lake Foundations, Inc. is not the alter ego of Able Concrete Wall, Inc. Accordingly, plaintiffs motion for summary judgment on this issue shall be granted.

Plaintiffs claim that defendants' refusal to abide by the Committee's award is without justification and that therefore defendants should be ordered to pay the legal expenses incurred by plaintiffs as a result of having to bring this action forcing such com-

pliance. When a refusal to abide by an arbitration decision is without justification, and judicial enforcement is necessary, the court should award the party seeking enforcement reasonable costs and attorneys' fees. *Machinists Dist. 276 v. Texas Steel,* 639 F.2d 279, 284 (5th Cir.1981). The court finds that defendants have failed to set forth any good faith argument against enforcement of the award which would indicate a justified resistance to complying with the terms of the award. Therefore, plaintiffs shall be awarded their reasonable costs and attorneys' fees.

## ORDER

Therefore, it is hereby **ORDERED** that plaintiffs' motion for summary judgment is **GRANTED.**

It is further **ORDERED** that the June 22, 1992 award of the Labor Relationship Committee is hereby **ENFORCED.**

It is further **ORDERED** that defendant David Lange is found personally liable for the corporate obligations of Able Concrete Wall, Inc.

It is further **ORDERED** that defendant Union Lake Foundations, Inc. is the alter ego, and liable for the contractual obligations, of Able Concrete Wall, Inc.

It is further **ORDERED** that defendants shall pay to plaintiffs the reasonable attorneys' fees and costs incurred by plaintiffs as a result of having to bring this action to enforce the Labor Relationship Committee's June 22, 1992 award.

**SO ORDERED.**

## JUDGMENT

This action came on for review before the court, Honorable Paul V. Gadola, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered,

It is **ORDERED** and **ADJUDGED** that plaintiffs recover from defendants the sum of $114,329.72, plus reasonable attorneys' fees and costs incurred by plaintiffs as a result of having to bring this enforcement action.

It is further **ORDERED** that the clerk serve a copy of this judgment by United States mail on the counsel for plaintiffs and on counsel for defendants.